[No. S119230. May 22, 2006.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN MEDLEY JOHNSON, Defendant and Respondent.

**COUNSEL**

Gary T. Yancy and Robert J. Kochly, District Attorneys, and Doug McMaster, Deputy District Attorney, for Plaintiff and Appellant.

David C. Coleman III, Public Defender, Jonathan Laba and Ron Boyer, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**GEORGE, C. J.**—In 1967, the Legislature enacted Penal Code section 1538.5, a provision that, in conjunction with Penal Code section 1539, establishes a systematic and unified procedure for raising and resolving motions that seek to suppress evidence in criminal proceedings on the ground that it has been obtained as a result of an unreasonable search or seizure. In this case we must decide whether, when a suppression motion is brought under section 1538.5, a party is entitled to present its case at the hearing by affidavit instead of live testimony.

At the hearing on the Penal Code section 1538.5 suppression motion challenging a warrantless search and seizure of evidence that the prosecution sought to introduce in this proceeding, it attempted to meet its burden of proof by presenting its case through an affidavit of the police officer who had conducted the challenged search. The prosecution took the position that if defendant wished to cross- examine the officer with regard to the material set forth in the affidavit, defendant bore the burden of issuing a subpoena to the officer in order to obtain his presence at the hearing. The trial court, rejecting the prosecution's argument, concluded the affidavit was inadmissible. The Court of Appeal reversed the trial court's ensuing dismissal of the case, concluding that a general statutory provision of the Code of Civil Procedure—section 2009, which authorizes the use of affidavits in a variety of settings including "upon a motion"—authorized the prosecution to proceed by affidavit at a hearing on a motion to suppress under section 1538.5.

■ For the reasons discussed below, we agree with the trial court's conclusion that neither Code of Civil Procedure section 2009 nor any other statute expressly authorizes the use of affidavits in lieu of live testimony at suppression hearings held pursuant to Penal Code section 1538.5. As we shall explain, the language of Penal Code sections 1538.5 and 1539, as well as the uniform practice over the more than 40 years following the enactment of section 1538.5, make it clear that the suppression hearings provided for in section 1538.5 were intended, and have been understood, to involve the testimony of investigating officers and other pertinent witnesses whose credibility is to be determined by the magistrate or judge presiding at the hearing.

Code of Civil Procedure section 2009, the provision invoked by the prosecution and the Court of Appeal, does not by its terms purport to apply to a hearing on a motion to suppress evidence conducted pursuant to Penal Code section 1538.5, and in our view cannot reasonably be interpreted to apply to such a hearing. Because we conclude that there is no statutory authorization for determining the questions at issue in a section 1538.5 hearing on the basis

of affidavits, we have no occasion to consider the constitutional limitations, if any, that would apply to a statutory scheme authorizing the resolution of a motion to suppress evidence on the basis of affidavits.

# I

The facts underlying defendant's crimes are not at issue. In short, the charges stemmed from the burglary of the Contra Costa County residence of defendant's father, Jerry Johnson, who told the investigating officers that he suspected defendant might have committed the offense. Based on the information from defendant's father, as well as evidence obtained at the scene of the burglary pointing to defendant's involvement, Contra Costa authorities obtained a warrant to search a storage unit visited by defendant around the time of the burglary, where they discovered some items that had been stolen from the house.

Several days later, police officers in Los Angeles responding to a report of a "suspicious person in a vehicle," found defendant sleeping in his lawfully parked vehicle and thereafter detained him and conducted a warrantless search of the vehicle. The search yielded property taken in the burglary, as did a subsequent inventory search of the vehicle conducted after defendant's arrest. This information was relayed to Contra Costa authorities, who traveled to Los Angeles and interviewed defendant, who admitted committing the burglary and told them where they could find other items taken during the offense. These authorities also conducted their own search of defendant's car, finding additional items taken in the burglary.

Defendant was charged by information with first degree residential burglary, second degree burglary, grand theft of a firearm, and grand theft of personal property. Upon defendant's entry of a plea of not guilty, the case was set for trial. Thereafter, defendant filed a motion to suppress evidence under Penal Code section 1538.5, contending that his detention by the Los Angeles police was unlawful and that all of the subsequently obtained evidence, as well as his confession, was a product of that unlawful detention and should be suppressed. The motion specified that defendant was not challenging the search of the storage locker, or the admissibility of the evidence obtained in that search, which preceded his detention in Los Angeles.

The prosecution filed an opposition to the motion, maintaining that defendant's detention by the Los Angeles police and the search and seizure of evidence at the time of the detention were reasonable, and relying upon an affidavit of Los Angeles Sheriff's Deputy Matthew Ohnemus, who conducted the warrantless search at issue. Ohnemus's affidavit asserted that on the day

of defendant's detention, Ohnemus responded to a report of a suspicious person in a vehicle and found defendant asleep in his car. After knocking on the window to wake defendant, Ohnemus observed in plain view on the center console a plastic baggie containing a usable amount of marijuana and a pipe. The affidavit then described Ohnemus's detention of defendant and the attendant search of the vehicle, which the deputy asserted were carried out as a result of his observation of the marijuana and pipe in plain view.

In response to the opposition, defendant, anticipating that the prosecution intended to rely upon the investigating officer's affidavit at the Penal Code section 1538.5 hearing, filed points and authorities maintaining that the prosecution was not entitled to proceed at the hearing on the basis of that affidavit. The prosecution then responded with its own lengthy memorandum of points and authorities in support of the admission of the affidavit at the upcoming hearing on the section 1538.5 motion, taking the position that the prosecution could proceed at the hearing on the basis of the affidavit, without presenting the live testimony of the officer. The prosecutor conceded that defendant had a right to question the officer, but asserted that defendant had to subpoena the officer in order to obtain his presence at the hearing.[1] Defendant filed opposition to the admission of the affidavit, arguing that it constituted inadmissible hearsay not subject to any exception. Ultimately, the trial court concluded the affidavit was inadmissible.

In response to the trial court's ruling, the prosecution chose to rely solely upon the affidavit, indicating it had no further evidence to present at the Penal Code section 1538.5 hearing. Accordingly, in light of the prosecution's failure to sustain its burden of establishing the lawfulness of the warrantless search and seizure, the trial court granted the motion to suppress. When defendant thereafter moved to dismiss the charges, based on the trial court's order granting the suppression motion, the prosecution did not object to a dismissal.

The People, represented by the Contra Costa District Attorney's Office, appealed from the ensuing judgment of dismissal. The Court of Appeal concluded that the trial court erred in excluding the affidavit and reversed the judgment of dismissal. Although the Court of Appeal acknowledged that it was unaware of any prior California decision specifically authorizing the prosecution or the defense to present evidence at a Penal Code section 1538.5 hearing by means of affidavit rather than live testimony, or indeed any reported California decision reflecting a party's attempt to proceed in that manner, the appellate court concluded that Code of Civil Procedure section 2009, which provides for the use of affidavits in a variety of settings including "upon a motion," when read in conjunction with Penal Code section 1102,

---

[1] The prosecution did not contend that Deputy Ohnemus was unavailable to testify at the hearing.

which makes the rules of evidence in civil actions applicable in criminal actions ("except as otherwise provided" in the Penal Code), authorized the prosecution to proceed by means of an affidavit at a section 1538.5 hearing.

We granted defendant's petition for review.

## II

■ Past California decisions establish that a defendant moving pursuant to Penal Code section 1538.5 to suppress evidence obtained as the result of a warrantless search must set forth the factual and legal bases for the motion by making a prima facie showing that law enforcement authorities acted without a warrant. (*People v. Williams* (1999) 20 Cal.4th 119, 136 [83 Cal.Rptr.2d 275, 973 P.2d 52].) A defendant's moving papers, however, need not anticipate the prosecution's justifications for the warrantless search or seizure, because "[l]aw enforcement personnel, not defendants, are in the best position to know what justification, if any, they had for proceeding without a warrant." (*Ibid.*) Accordingly, the burden of proving the justification for the warrantless search or seizure lies squarely with the prosecution. (*Id.* at pp. 136–137; see also *People v. Smith* (2002) 95 Cal.App.4th 283, 297 [115 Cal.Rptr.2d 483].)

In the present case we must decide whether at a Penal Code section 1538.5 hearing the prosecution may meet its burden of proving justification for a warrantless search and seizure by presenting an affidavit of the investigating officer in lieu of the officer's live testimony. Despite the numerous references in the governing statutes to live testimony, the People argue on appeal, as they did below, that affidavits are made admissible at suppression hearings by the provisions of Code of Civil Procedure section 2009 and several other statutes generally providing that civil procedural rules or rules of evidence may, in some circumstances, apply to criminal actions. Defendant counters that the prosecutor's proffered statutory interpretation contradicts the clear language of section 1538.5 and Penal Code section 1539 and finds no support in the legislative history of section 1538.5.[2]

■ We agree with defendant that the governing statutes clearly contemplate the presentation of live testimony rather than affidavits at a Penal Code section 1538.5 hearing. ■ The first principle of statutory interpretation is that, to ascertain the Legislature's intent, we turn initially to the words of the statute, and if " 'the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citation.] The plain

---

[2] Defendant also argues that the prosecutor's statutory construction creates constitutional due process and confrontation problems. As noted above, because we conclude that the current statutes do not authorize resolution of the issues raised at a section 1538.5 hearing on the basis of affidavits in lieu of live testimony, we do not reach defendant's constitutional arguments.

language of the statute establishes what was intended by the Legislature.' " (*People v. Statum* (2002) 28 Cal.4th 682, 689–690 [122 Cal.Rptr.2d 572, 50 P.3d 355].) Accordingly, we start with the statutory language of Penal Code sections 1538.5 and 1539, which together provide a detailed and comprehensive procedure governing the making, hearing, resolution, and appeal of motions to suppress evidence based on the ground of unlawful search, and seizure.

The initial provision of Penal Code section 1538.5—subdivision (a)(1)—sets forth the bases upon which a motion to suppress evidence or for the return of property may be brought under the statute—in general, on the ground of unlawful search and seizure.[3] Section 1538.5, subdivision (a)(2) then provides: "A motion pursuant to paragraph (1) shall be made in writing and accompanied by a memorandum of points and authorities and proof of service. The memorandum shall list the specific items of property or evidence sought to be returned or suppressed and shall set forth the factual basis and the legal authorities that demonstrate why the motion should be granted."

Penal Code section 1538.5, subdivision (c), in turn, provides:

"(1) Whenever a search or seizure motion is made in the superior court as provided in this section, the judge or magistrate shall receive evidence on any issue of fact necessary to determine the motion.

"(2) While *a witness is under examination* during a hearing pursuant to a search or seizure motion, the judge or magistrate shall, upon motion of either party, do any of the following:

"(A) Exclude *all potential and actual witnesses* who have not been examined.

"(B) Order *the witnesses* not to converse with each other until they are all examined.

"(C) Order, where feasible, that *the witnesses* be kept separated from each other until they are all examined.

---

[3] Section 1538.5, subdivision (a)(1) provides: "A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds:
"(A) The search or seizure without a warrant was unreasonable.
"(B) The search or seizure with a warrant was unreasonable because any of the following apply:
"(i) The warrant is insufficient on its face.
"(ii) The property or evidence obtained is not that described in the warrant.
"(iii) There was not probable cause for the issuance of the warrant.
"(iv) The method of execution of the warrant violated federal or state constitutional standards.
"(v) There was any other violation of federal or state constitutional standards."

"(D) Hold a hearing, on the record, to determine if the person sought to be excluded is, in fact, a person excludable under this section.

"(3) Either party may challenge the exclusion of any person under paragraph (2).

"(4) *Paragraph (2) does not apply to the investigating officer or the investigator for the defendant, nor does it apply to officers having custody of persons brought before the court.*" (Italics added.)

Penal Code section 1538.5, subdivision (i), further provides in pertinent part: ". . . If the motion [to suppress evidence] was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence that could not reasonably have been presented at the preliminary hearing, *except that the people may recall witnesses who testified at the preliminary hearing.* . . . The court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the court as to evidence or property not affected by evidence presented at the special hearing." (Italics added.)

Finally, Penal Code section 1539, subdivision (a) provides in pertinent part: "If a special hearing is held in a felony case pursuant to Section 1538.5 . . . the judge or magistrate shall proceed to take testimony in relation thereto, and *the testimony of each witness shall be reduced to writing and authenticated by a shorthand reporter in the manner prescribed in Section 869.*" (Italics added.)[4]

An examination of the italicized language in Penal Code sections 1538.5 and 1539 quoted above establishes that both statutes clearly contemplate that a suppression motion will be litigated at a hearing at which live witnesses testify. Although the statutes do not expressly prohibit a party from proceeding at such a hearing by means of affidavits in lieu of live testimony, the language of the statutes, taken as a whole, is inconsistent with such a procedure. For instance, section 1538.5, subdivision (c)(2)(A), (B), and (C), which deals at some length with the exclusion of witnesses, states that upon

---

[4] Section 869, in turn, requires that the testimony of each witness who testifies at a preliminary examination held to determine whether probable cause exists to hold the defendant to answer for trial in a homicide case, or in other cases upon demand of either party, be "reduced to writing, as a deposition" or taken down in shorthand by a court reporter. Subdivisions (a) through (d) set forth the requirements for authentication of the deposition or testimony, such as requiring the witness to state his or her name, residence, and business or profession. (Pen. Code, § 869, subds.(a)–(d).)

the motion of a party, the judge or magistrate is to exclude all potential or actual witnesses and order that they be kept separated from each other and not converse until they all are examined. Exposure to written statements cannot be so easily contained, and allowing the prosecution to proceed by affidavit would frustrate the evident goal of the statute to guard against the corruption of a witness's testimony through exposure to the testimony of other witnesses.

Moreover, Penal Code section 1538.5 is quite specific regarding notice and timing issues. Section 1538.5, subdivision (i), for instance, provides that a prosecutor's reply to a suppression motion need not be filed until "at least two court days prior to the hearing." The People acknowledge that a defendant has the right to cross-examine affiants, but contend that the defendant has the burden of subpoenaing the witness. If, however, the People were allowed to oppose a motion to suppress through the introduction of affidavits instead of the presentation of live testimony, any defendant seeking to cross-examine the affiant would be forced to subpoena the witness within an unreasonably short time frame. Allowing the prosecution to proceed by affidavit could, and likely would, force the postponement of numerous scheduled hearings. The two-day time limit specified in the statute thus suggests that the Legislature contemplated that the prosecution would meet its burden of justifying a challenged search through the presentation of live testimony, and not through the submission of affidavits.

Furthermore, with regard to the italicized portions of Penal Code section 1539 (*ante*), written affidavits need not, and cannot, be "reduced to writing" and cannot be authenticated in the manner prescribed by Penal Code section 869, because the authentication requirements of that statute also clearly contemplate testimony by live witnesses who are subject to questioning. Moreover, the fact that the "reduced to writing" and authentication language of section 1539 follows a legislative declaration that the court "shall proceed to take testimony," presents strong statutory support for the proposition that live witnesses are required at a Penal Code section 1538.5 hearing.

Accordingly, we conclude that the language of Penal Code sections 1538.5 and 1539 reasonably must be interpreted to require the parties to present testimony at the hearing through live witnesses, whose demeanor and credibility can be evaluated by the magistrate or judge presiding at the hearing, rather than by means of written affidavits.[5]

---

[5] Although the Court of Appeal acknowledged that a "literal reading" of section 1539 contemplates the testimony of live witnesses, it attempted to reconcile its holding with the statutory language by interpreting the phrase "take testimony" as used in the statute to refer to written "testimony" (in the form of an affidavit) as well as oral testimony. Viewing the

The legislative history of Penal Code section 1538.5 supports the conclusion we reach. Prior to the adoption of this statute, a defendant could challenge the use of illegally obtained evidence in a criminal proceeding through a variety of procedural mechanisms.[6] Because these former procedures for suppressing evidence were "numerous and confusing," section 1538.5 was adopted to "substitute[] a comprehensive plan, prescribing a single method of raising the issue in particular proceedings and at particular stages of the proceedings . . . . [Citation.] The purpose of the legislation is to permit the issue to be raised at an early stage, and to require the defendant to raise it at that stage." (4 Witkin & Epstein, Cal. Criminal Law, *supra,* Illegally Obtained Evidence, § 355, pp. 1040–1041.)[7] There is no indication, however, that the Legislature intended to change the practice prescribed for the presentation of evidence at hearings on motions to suppress.

The cases preceding the enactment of Penal Code section 1538.5, although not directly addressing the type of evidence to be considered by the court in ruling upon a motion to suppress evidence, nonetheless demonstrate that at whatever stage and through whatever procedural mechanism employed by a defendant, the determination of the motion traditionally was made on the basis of the testimony of either the investigating officer or other relevant witnesses. (See, e.g., *Badillo v. Superior Court* (1956) 46 Cal.2d 269, 271–272 [294 P.2d 23] [observing that in pretrial hearings held before a magistrate challenging the legality of a search and seizure, "the evidence before the magistrate bearing on this issue may be in conflict or susceptible of conflicting inferences or *consist only of the testimony of prosecution witnesses"* (italics added)]; *People v. Haeberlin* (1969) 272 Cal.App.2d 711, 715 [77 Cal.Rptr. 553] [motion under Pen. Code, §§ 1539 and 1540 to quash a search warrant and for return of property seized under the warrant heard during course of preliminary examination; live testimony was received]; *People v. Superior Court (Scofield)* (1967) 249 Cal.App.2d 727, 729 [57 Cal.Rptr. 818] [at pretrial hearing on defendants' motion under Pen. Code, §§ 1539 and 1540 to quash a search warrant and for return of the property seized under the

provisions of sections 1538.5 and 1539 as a whole, we believe the Court of Appeal's proposed reconciliation unreasonably strains this statutory language.

[6] Prior to the adoption of section 1538.5, a defendant could challenge the use of illegally obtained evidence by objection or motion to strike the evidence at the preliminary examination, by moving to set aside the indictment or information if the only substantial evidence was illegally obtained and inadmissible, by bringing a pretrial motion to suppress or compel the return of evidence, or by raising the issue by objection or motion to strike at the trial. (4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Illegally Obtained Evidence, §§ 354, 355, pp. 1038–1041.)

[7] In 1872, the Legislature enacted Penal Code sections 1539 and 1540, providing for a hearing to allow for the return of property seized pursuant to a search warrant. Section 1538.5 was enacted in 1967 (Stats. 1967, ch. 1537, § 1, p. 3652.) In the same act, section 1539 was amended to apply to special hearings held pursuant to section 1538.5. (Stats. 1967, ch. 1537, § 2, p. 3656.)

warrant, defendants were "given the opportunity to introduce evidence and did, in fact, produce some witnesses"].)

Notably, the People have failed to identify any California reported decision rendered prior to the enactment of Penal Code section 1538.5 in which a party attempted to present its evidence, at a hearing on a motion to suppress, on the basis of affidavits. Nor is it surprising that there is no case that has approved such a procedure in the almost 49 years since the adoption of section 1538.5, in view of the language of Penal Code sections 1538.5 and 1539 clearly demonstrating that live witness testimony is intended. There is nothing in the history of section 1538.5 to counter this conclusion or to otherwise suggest that in enacting the statute, the Legislature intended any change in the type of evidence to be considered by a court in ruling upon a motion to suppress evidence on search and seizure grounds.

Accordingly, our interpretation of the language of Penal Code section 1538.5 confirms California's long-standing practice with regard to this well-developed and universally utilized statutory procedure for suppressing evidence. Although, as noted above, no court previously has decided the precise issue presented here, the universal assumption in the years since the enactment of section 1538.5 always has been that oral testimony is required at suppression hearings. (See, e.g., *People v. Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621] [" ' "A proceeding under section 1538.5 to suppress evidence is one in which a full hearing is held on the issues before the superior court sitting as a finder of fact." [Citation.]' [Citation.] In such a proceeding the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court"]; see also Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 1986 ed.) § 20.1, p. 404 ["Once the defendant has shown that there was no warrant, the burden is on the prosecution to justify the search. [Citation.] The practical effect of this rule is that *the prosecutor usually [subpoenas] the police officers who conducted the search in cases in which there was no warrant, and brings out on direct examination the reasons they conducted the search."* (Italics added.)]; Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2005 ed.) § 16.1, p. 405 ["After both sides have presented all witnesses and evidence, counsel may argue the motion."]; 4 Witkin & Epstein, Cal. Criminal Law, *supra,* Illegally Obtained Evidence, § 360, p. 1046 ["The judge or magistrate is required to receive evidence on any issue of fact necessary to determine the motion. [Citation.] *The testimony must be reported and transcribed.* [Citation.] The statute did not alter the existing law on burden of proof. [Citation.] [¶] The defendant has the initial burden of producing evidence to make out a prima facie case of an illegal

search or seizure. [Citations.] The burden is on the prosecution to establish by a preponderance of evidence the facts justifying a warrantless search." (Italics added.)].)[8]

The People do not deny that the language of Penal Code sections 1538.5 and 1539 indicates that the Legislature contemplated that a hearing under section 1538.5 would involve the testimony of live witnesses or that the practice, in the nearly 40 years the statute has been in effect, has been for the prosecution to present the testimony of witnesses to satisfy its burden to establish the reasonableness of a warrantless search and seizure. Nonetheless, the People base the claim that the prosecution has a right to proceed by affidavit as an alternative to live testimony in a section 1538.5 suppression hearing, on the provisions of Code of Civil Procedure section 2009 (permitting use of affidavits in connection with motions), Penal Code section 1102 (making civil rules of evidence applicable to criminal actions).[9] and Penal Code section 686 (making hearsay evidence admissible in criminal actions to the extent it is otherwise admissible.)[10] As explained below, we find this argument unpersuasive.[11]

Section 2009 of the Code of Civil Procedure provides in full: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a

---

[8] Indeed, allowing a prosecutor to oppose a suppression motion with written affidavits in lieu of live testimony would be inconsistent with the trial court's vital function of assessing the credibility of witnesses. (See, e.g., *Hewitt v. Superior Court* (1970) 5 Cal.App.3d 923, 928 [85 Cal.Rptr. 493] ["one of the reasons for requiring a witness to testify in person [at a suppression hearing] is to enable the trier of fact to consider the demeanor of the witness in weighing his testimony and judging his credibility"].)

[9] Penal Code section 1102 states: "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this Code."

[10] Penal Code section 686, subdivision 3(a) provides a defendant with the right to confront witnesses against him or her, in the presence of the court, except that "[h]earsay evidence may be admitted to the extent that it is otherwise admissible in a criminal action under the law of this state."

[11] In rejecting the affidavit, the trial court found that a Penal Code section 1538.5 motion is not a criminal action, but a special proceeding of a criminal nature, so that Penal Code section 1102 did not make Code of Civil Procedure section 2009 applicable to suppression hearings. The Court of Appeal disagreed, concluding that notwithstanding the placement of section 1538.5 within title 12 of part 2 of the Penal Code entitled Special Proceedings of a Criminal Nature, a suppression motion is a component part of the underlying criminal action. As explained, in light of our conclusion that the language, history, and purpose of Penal Code sections 1538.5 and 1539 demonstrate that hearings under section 1538.5 are to be based upon live testimony rather than affidavits, we have no occasion to address the question of whether a section 1538.5 proceeding is a "special proceeding of a criminal nature" or a "criminal action" or, indeed, whether it is necessary or appropriate to distinguish between those two types of proceedings in the present context.

stay of proceedings, and in uncontested proceedings to establish a record of birth, or *upon a motion*, and in any other case expressly permitted by statute." (Italics added.)

■ Code of Civil Procedure section 2009 does not itself make a hearsay affidavit admissible at a suppression hearing. (See *People v. Gardner* (1893) 98 Cal. 127, 130–132 [32 P. 880]; *People v. Frank* (1933) 132 Cal.App. 360, 367–368 [22 P.2d 792].) The People argue, however, that because a motion to suppress under Penal Code section 1538.5 constitutes "a motion," section 2009 should apply to a hearing on a motion brought pursuant to section 1538.5. As noted above, Penal Code section 1102 states that civil rules of evidence apply in criminal actions "except as otherwise provided in this Code." As such, when other, more specific criminal statutes are incompatible with a civil rule of evidence, the civil rule will not apply. The language of Penal Code sections 1538.5 and 1539, which as explained above, expressly contemplates the presentation of live testimony at section 1538.5 suppression hearings, "otherwise provide[s]" that the rule set forth in section 2009— providing that affidavits are admissible "upon a motion"—does not apply at suppression hearings held pursuant to section 1538.5.

Moreover, we note that a motion to suppress evidence on the basis of an allegedly unconstitutional search and seizure is fundamentally different from the types of preliminary or ancillary procedural matters specifically identified in Code of Civil Procedure section 2009. In most if not all of the matters to which section 2009 applies, the underlying issue in question generally will be determined by the court on the basis of affidavits alone, and it will be only in an unusual case that live testimony by witnesses will be permitted. (See Cal. Rules of Court, rule 323(a) ["Evidence received at a law and motion hearing *must be by declaration, affidavit, or request for judicial notice without testimony or cross-examination, except as allowed in the court's discretion for good cause shown.*"] (Italics added); see also *Lacrabere v. Wise.* (1904) 141 Cal. 554, 556–557 [75 P. 185] [noting that section 2009 "has no application to the proof of facts which are directly in controversy in an action. It was not intended to have the effect of changing the general rules of evidence by substituting voluntary *ex parte* affidavits for the testimony of witnesses. The section only applies to matters of procedure—matters collateral, ancillary or incidental to an action or proceeding—and has no relation to proof of facts the existence of which are made issues in the case, and which it is necessary to establish to sustain a cause of action"]; *Reifler v. Superior Court* (1974) 39 Cal.App.3d 479, 483 [114 Cal.Rptr. 356] ["Section 2009 is construed as empowering the trial court to determine motions upon declarations alone and to allow the court discretion to refuse oral testimony."].)

At Penal Code section 1538.5 suppression hearings, by contrast, the language of that statute and Penal Code section 1539 makes it clear that such

hearings routinely will involve the live testimony of witnesses. Moreover, unlike the generally ancillary matters addressed by Code of Civil Procedure section 2009, a motion to suppress evidence on the ground a search was unconstitutional presents issues as to which the credibility of witnesses often is of critical significance. Again, it is significant that although both section 2009 and section 1539 first were enacted in 1872, and since 1967 section 1538.5 has governed the procedure to be followed at a hearing on a motion to suppress evidence on that ground, there is no indication that section 2009 ever has been applied to authorize the determination of a motion to suppress evidence upon the affidavit of the investigating officer.[12] In light of the clear language of the statutes, and the uniform application of the statutory provisions for many years, we conclude that, contrary to the People's contention, section 2009 cannot reasonably be interpreted to authorize a party to proceed by affidavit at a hearing under section 1538.5.[13]

---

[12] The People's reliance on federal law as persuasive authority is misplaced. The federal rules *expressly* allow for the use of affidavits at pretrial suppression hearings. Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure (18 U.S.C.), which provides that a motion to suppress evidence must be made before trial, specifically states that pretrial motions are governed by rule 47 of the Federal Rules of Criminal Procedure (18 U.S.C.). Rule 47, in turn, provides that "[a] motion may be supported by affidavit." (Fed. Rules Crim.Proc., rule 47(b), 18 U.S.C.) Thus, unlike the California Penal Code, the Federal Rules of Criminal Procedure expressly and unambiguously authorize the use of affidavits at pretrial motions to suppress evidence. Moreover, there are no federal provisions with language as specific as sections 1538.5 and 1539—that is, no rule or statute whose language specifically refers to the presentation of oral testimony at suppression hearings.

[13] To avoid any misunderstanding, we emphasize that our decision in this case does not signify that Code of Civil Procedure section 2009 never can apply in criminal proceedings or that affidavits never may be used in criminal cases. Many California statutes expressly permit the use of affidavits in criminal cases (see, e.g., Pen. Code, §§ 1181, subd. 8 [witnesses' affidavits on motion for new trial on ground of newly discovered evidence], 1050, subd. (b) [affidavits supporting motion to continue criminal hearing]), and numerous California decisions have applied section 2009 to a variety of matters in criminal proceedings even when the use of affidavits is not expressly prescribed by statute. (See, e.g., *People v. Laws* (1981) 120 Cal.App.3d 1022, 1033 [178 Cal.Rptr. 102] [affidavit on motion regarding payment of restitution]; *People v. Sahagun* (1979) 89 Cal.App.3d 1, 24 [152 Cal.Rptr. 233] [in hearing on issue of prosecutorial delay, affidavit would be admissible, but unsworn statements would not be]; *In re Krieger* (1969) 272 Cal.App.2d 886, 889, fn. 2 [77 Cal.Rptr. 822] [affidavits in habeas corpus proceedings]; *People v. Albin* (1952) 111 Cal.App.2d 800, 806 [245 P.2d 660] [no " 'inalienable right' " to present testimony at hearing regarding commitment, in light of the "practice of presenting affidavits or depositions in support of such a motion"].)

Although we do not question the propriety of these decisions, we emphasize that no previous case has applied Code of Civil Procedure section 2009 to a Penal Code section 1538.5 hearing or any comparable proceeding. Nonetheless, although section 2009 provides no basis for parties to proceed by affidavit in lieu of live testimony in section 1538.5 suppression hearings, evidence consisting of oral or written statements of witnesses that are otherwise admissible under the Evidence Code or other statutes and are not expressly prohibited by section 1538.5, may, under some circumstances not presented in this case, be offered and received at section 1538.5 hearings.

The People's reliance on Penal Code section 1204.5 is similarly misplaced. Subdivision (a) of that statute provides: "In any criminal action, after the filing of any complaint or other accusatory pleading and before a plea, finding, or verdict of guilty, no judge shall read or consider any written report of any law enforcement officer or witness to any offense, any information reflecting the arrest or conviction record of a defendant, or any affidavit or representation of any kind, verbal or written, without the defendant's consent given in open court, except as provided in the rules of evidence applicable at the trial, or as provided in affidavits in connection with the issuance of a warrant or the hearing of any law and motion matter, or in any application for an order fixing or changing bail, or a petition for a writ."

The People contend that Penal Code section 1204.5 creates a hearsay exception for admission of an affidavit at a Penal Code section 1538.5 suppression hearing by authorizing a judge to "read or consider . . . affidavits in connection with . . . the hearing of any law and motion matter." As we already have remarked above, however, unlike law and motion hearings where live testimony is permitted only upon a showing of good cause, section 1538.5 suppression hearings routinely will involve the live testimony of witnesses. Moreover, the purpose of section 1204.5 was to prevent preconviction consideration of irrelevant information such as a defendant's arrest report or "rap sheet" (*O'Neal v. Superior Court* (1986) 185 Cal.App.3d 1086, 1091–1095 [230 Cal.Rptr. 257]), with the consideration of affidavits simply being enumerated as one of the exceptions to the otherwise prohibited use of such information. Section 1204.5, like Code of Civil Procedure section 2009, does not in itself provide authorization for the use of affidavits at section 1538.5 suppression hearings.

Moreover, although the Court of Appeal below suggested that the issue presented here is one of first impression, the opinion in *Hewitt v. Superior Court, supra*, 5 Cal.App.3d 923, resolved a closely related issue in a manner that directly supports our conclusion in the present case. In *Hewitt*, as here, the evidence in question was obtained as the result of a warrantless search of an automobile, and thus at the Penal Code section 1538.5 hearing the burden was on the prosecution to prove the search was reasonable. (*Hewitt, supra*, 5 Cal.App.3d at p. 926.) At the section 1538.5 hearing conducted in *Hewitt*, the prosecution offered only the transcript of the preliminary examination, at which the officer had testified to the circumstances of the defendant's arrest and the search of the vehicle. Although the investigating officer was present at the section 1538.5 hearing, the prosecution did not call the officer as a witness at that hearing, and thus the judge who presided at the hearing had no opportunity to assess the officer's demeanor or credibility.

In *Hewitt*, the Court of Appeal concluded that the provisions of Penal Code section 1538.5 in effect at that time (1970) precluded the prosecution from

proceeding on the basis of the preliminary, examination transcript alone, in the absence of any evidence that the officer was unavailable as a witness at the section 1538.5 hearing. In response to the Attorney General's argument that any error in admitting the preliminary examination transcript was harmless because the officer was present at the section 1538.5 hearing and the defendant could have questioned him about the search had he so desired, the court explained: "This argument fails to recognize that the burden was on the prosecution, not the defense, to show that the search was lawful; that showing must be based on competent evidence. . . . Moreover, one of the reasons for requiring a witness to testify in person is to enable the trier of fact to consider the demeanor of the witness in weighing his testimony and judging his credibility. [Citation.] The judge who heard the section 1538.5 motion was not the magistrate who presided at the preliminary hearing." (*Hewitt v. Superior Court, supra,* 5 Cal.App.3d at p. 928.)

Penal Code section 1538.5 was amended after the *Hewitt* decision to provide that when a motion to suppress evidence has been made at the preliminary examination, evidence presented at the special hearing held under section 1538.5 generally shall be limited "to the transcript of the preliminary hearing and to evidence that could not reasonably have been presented at the preliminary hearing" (Pen. Code, § 1538.5, subd. (i), as added by Stats. 1986, ch. 52, § 1, p. 133). There is no comparable language in section 1538.5, however, expressly authorizing the prosecution to rely on *a simple affidavit,* as contrasted with the transcript of the testimony presented at the preliminary examination, in meeting its burden of proof at a section 1538.5 hearing with regard to the reasonableness of a search and seizure conducted without a warrant. If the use of an affidavit were sufficient at such a hearing, the prosecution would be permitted to meet its burden even though *no* magistrate or judge (at either the preliminary examination or at the section 1538.5 proceeding) had the opportunity "to consider the demeanor of the witness in weighing his testimony and judging his credibility." (*Hewitt v. Superior Court, supra,* 5 Cal.App.3d at p. 928.) Such a result clearly would be contrary to the teaching of *Hewitt.*[14]

Accordingly, we conclude as a matter of statutory interpretation that the Court of Appeal erred in holding that the provisions of Code of Civil Procedure section 2009 apply to a hearing conducted under Penal Code section

---

[14] We also note that Code of Civil Procedure section 2009 was in effect at the time of the proceedings in *Hewitt.* If the prosecution in *Hewitt* could have avoided the outcome in that case simply by having the investigating officer submit an affidavit at the Penal Code section 1538.5 hearing rather than submitting the transcript of the officer's prior testimony, the Court of Appeal's decision in *Hewitt* would have been superfluous.

1538.5 and in holding that those provisions authorize the use of affidavits, in lieu of live testimony, at such hearings.[15]

## III

For the reasons stated above, we reverse the decision of the Court of Appeal.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

---

[15] As noted at the outset, our conclusion that the statutory scheme contemplates live testimony at section 1538.5 suppression hearings makes it unnecessary for us to reach defendant's constitutional claims. Additionally, because we have resolved the issue presented on the basis of the language and legislative history of sections 1538.5 and 1539, we have no occasion to analyze or resolve several collateral points discussed in the Court of Appeal's opinion and by the parties in their briefing to this court, regarding whether (1) a section 1538.5 hearing is an ancillary or component part of the criminal action in which it is litigated, rather than a separate and independent proceeding; (2) a section 1538.5 hearing generally is governed by the rules of evidence applicable to civil actions; (3) the admissibility of evidence involves a determination of a preliminary fact governed by the rules of evidence applicable at trial; and (4) affidavits generally may be employed in determining preliminary facts.