Filed 2/29/16  P. v. Melchoir CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SVEND MELCHOIR,<br><br>        Defendant and Appellant. | A144949<br><br>(San Francisco County<br>Super. Ct. No. 2471053) |

The People charged Svend Melchoir with several crimes, including driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)) and driving with a defective windshield (Veh. Code, § 26710)) and he moved to suppress (Pen. Code, § 1138.5).  The trial court granted the motion, concluding the prosecution failed to justify the warrantless traffic stop because the detaining police officer did not testify.  The appellate division of the San Francisco Superior Court reversed, concluding the prosecution could rely on the "'collective knowledge'" rule to justify the detention.

We granted Melchoir's petition to transfer (Cal. Rules of Court, rule 8.1005) and we now reverse.  Like the trial court, we conclude the prosecution failed to offer admissible evidence justifying the detention.

FACTUAL AND PROCEDURAL BACKGROUND

The People charged Melchoir with driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), driving while unlicensed (Veh. Code, § 12500, subd. (a)), and driving with a defective windshield (Veh. Code, § 26710).

1

*Melchoir's Motion to Suppress*

Melchoir moved to suppress, claiming he was detained without reasonable suspicion (Pen. Code, § 1538.5). The trial court limited the scope of the suppression hearing to the detention and San Francisco Police Officer Steven Landi testified to the following:

In May 2012, Officer Landi was on duty and having dinner at a restaurant when he looked out the window and saw a black Monte Carlo sedan pull "up [to] the southeast curb of Larkin and Post followed by an unmarked police car." Several uniformed police officers got out of the police car. "It looked like a traffic stop[.]" Officer Landi watched the traffic stop for a few minutes and noticed the driver — later identified as Melchoir — had "droopy eyelids" and was "moving about in his seat, twitching back and forth[.]" Officer Landi thought Melchoir might be "impaired."

Officer Landi left the restaurant and crossed the street; at that point, the car's occupants "were out of the vehicle." San Francisco Police Officer Aloise told Officer Landi "he stopped the car for a broken windshield."[1] Officer Landi noticed the Monte Carlo's windshield had a "'pronounced'" and "[v]isible" horizontal crack. Then Officer Landi spoke to Melchoir, who was "fidgeting" and "perspiring despite the fact that it was relatively cool out. His speech was very rapid and mumbled." When Officer Landi asked Melchoir whether he was on medication or had taken drugs, Melchoir denied taking drugs and claimed he was tired. Officer Landi arrested Melchoir.

At the conclusion of the hearing, defense counsel argued the prosecution failed to establish reasonable suspicion for the detention because Officer Aloise did not testify. The prosecutor argued Officer Aloise's statement to Officer Landi about the cracked windshield was "not admitted for its truth[.]" Instead he urged "the fact that Officer Landi observed the stop and saw the basis for the stop with his own eyes, that would give

[1]      When the prosecutor asked Officer Landi, "What, if anything, did Officer Aloise tell you was going on[,]" defense counsel objected, "Calls for hearsay[.]" The prosecutor explained the question was "not for the truth . . . [j]ust to explain . . . this officer's actions." The court overruled the hearsay objection. The court did not consider the statement as evidence supporting reasonable suspicion to detain.

2

a reasonable officer . . . [a] conscientiously-held belief that a crime had been committed." The prosecutor also argued it was reasonable to infer Officer Aloise had reasonable suspicion to detain Melchoir based on Officer Landi's testimony.

The court granted the motion to suppress, concluding there was no evidence Officer Aloise saw the cracked windshield, and that Officer Landi's observations had "nothing to do with the stopping of the car." The court told the prosecutor, "I have no idea why you don't call [Officer] Aloise to the witness stand on a motion to suppress like this" and opined, "I don't think this is much of a challenge for the People to end up bringing in evidence that I think is necessary for this motion."

*The People's Appeal to the Appellate Division*

The People appealed to the appellate division of the superior court, arguing Officer Aloise had reasonable suspicion to detain Melchoir. According to the People: (1) Officer Aloise's statement "was competent hearsay evidence" establishing reasonable suspicion to detain, i.e., that Melchoir drove with a defective windshield in violation of Vehicle Code section 26710; and (2) the court erred by "disregarding" Officer Aloise's statement because hearsay is admissible to establish reasonable suspicion at a motion to suppress hearing. The People also claimed Officer Landi testified the windshield was cracked and therefore corroborated Officer Aloise's observations.

Melchoir argued the trial court properly granted his motion to suppress because Officer Aloise's statement was inadmissible hearsay and, as a result, there was no admissible evidence justifying the detention. As Melchoir explained, Officer Landi's testimony could not "be used as a surrogate for the detaining officer[']s" testimony. Melchoir also claimed "'collective information' exception" did not apply because Officer Landi did not detain him. In reply, the People argued the detention was justified because an objectively reasonable officer in Officer Aloise's position would have stopped Melchoir upon seeing the cracked windshield.

The appellate division reversed. It concluded Officer Aloise's statement was admissible under the "'collective knowledge'" rule as applied in *People v. Gomez* (2004) 117 Cal.App.4th 531 and *People v. Ramirez* (1997) 59 Cal.App.4th 1548 because the

3

prosecution established "the reliability and the veracity of the information given to the arresting officer[,]" Officer Landi. The appellate division also determined Officer Landi's observation of the cracked windshield provided an "objective basis for Melchoir's detention" under *Whren v. U.S.* (1996) 517 U.S. 806.

Melchoir petitioned to transfer the case (Cal. Rules of Court, rule 8.1005). We granted the petition and transferred the matter to this court.

DISCUSSION

"'The Fourth Amendment permits brief investigative stops . . . when a law enforcement officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." [Citations.]" (*People v. Brown* (2015) 61 Cal.4th 968, 981.) At a Penal Code section 1538.5 (section 1538.5) motion to suppress hearing, the prosecution has the burden of establishing the detention was supported by reasonable suspicion. (*Brown, supra*, 61 Cal.4th at pp. 980-981; *People v. Johnson* (2006) 38 Cal.4th 717, 723.) "The Evidence Code, including hearsay rules, applies to section 1538.5 motions. [Citations.]" (*People v. Romeo* (2015) 240 Cal.App.4th 931, 940 (*Romeo*); Evid. Code, §§ 130, 300.)[2] "Hearsay evidence is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (§ 1200, subd. (a).) "The reasons for excluding hearsay . . . are that out-of-court statements are not made under oath, the defendant has no opportunity to cross-examine the person who made them, and the trier of fact cannot observe the demeanor of the person making them. 'Except as provided by law, hearsay evidence is inadmissible.'" (*Romeo, supra,* 240 Cal.App.4th at p. 946, quoting § 1200, subd. (b).)

The People contend Officer Aloise's statement to Officer Landi was admissible under section 1250, the state of mind hearsay exception.[3] Section 1250 does not "make

---

[2]     Unless noted, all further statutory references are to the Evidence Code.

[3]     "Where, as here, a case is certified for transfer to this court . . . to settle important and recurring questions of law, we have the same power to review any matter and make

4

admissible evidence of a statement of memory or belief to prove the fact remembered or believed." (§ 1250, subd. (b).) But under section 1250, "evidence of a statement of the declarant's then existing state of mind . . . is not made inadmissible by the hearsay rule when: (1) The evidence is offered to prove the declarant's state of mind . . . at that time or at any other time when it is itself an issue in the action; or (2) The evidence is offered to prove or explain acts or conduct of the declarant." (§ 1250, subd. (a)(1), (2).)

According to the People, Officer Aloise's state of mind was at issue because his knowledge or belief the windshield was cracked justified detaining Melchoir. We are not persuaded. Officer Aloise's state of mind was not at issue in the sense articulated by the People — his subjective reason for the traffic stop was irrelevant. (*Scott v. United States* (1978) 436 U.S. 128, 138; *Devenpeck v. Alford* (2004) 543 U.S. 146, 153 (*Devenpeck*) ["an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause"].) Here, Officer Aloise's out-of-court statement may have explained his conduct in detaining Melchoir, but it did not establish the conduct was legally justified.

*People v. Lee* (1990) 219 Cal.App.3d 829 (*Lee*) is instructive. In that case, the People charged the defendant with selling methamphetamine. At trial, a prosecution witness testified he saw three sailors — including Dane Hunt — on a naval base purchase and ingest drugs with the defendant. (*Id.* at pp. 833, 839.) To impeach the prosecution witness, the defendant tried to demonstrate Hunt was not on the base during the drug sale. Defense counsel asked Hunt whether he was in the barracks on the day of the drug sale and Hunt testified he was not, that he was on the ship. When defense counsel asked, "How do you know you had duty on that day?" Hunt referred to "logs" kept on the ship

orders as the superior court's appellate division. [Citations.] Therefore, our review is as if the parties directly appealed from the trial court ruling on [Melchoir's] suppression motion. [Citation.]" (*People v. Linn* (2015) 241 Cal.App.4th 46, 56.) We do not consider whether Officer Aloise's statement to Officer Landi is admissible under the collective knowledge rule because the People do not raise that argument on appeal. "Issues do not have a life of their own: if they are not raised . . . , we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

reflecting which sailors "had duty." (*Id.* at p. 839.) Then Hunt began to testify about the content of the logs and the prosecutor objected. "At side bar, [defense counsel] asserted Hunt could testify about the content of the ship's log under the 'state of mind' exception to the hearsay rule." (*Id.* at p. 840.)

The trial court excluded Hunt's testimony about the content of the logs and the appellate court affirmed. (*Lee, supra*, 219 Cal.App.3d at p. 840.) It concluded the trial "court properly sustained the objection. Asking Hunt to testify about the content of the log (an out-of-court statement offered to prove the truth of the matter asserted — that Hunt was not in the barracks because he was on duty) calls for hearsay. The state of mind exception is inapplicable. The log entry reflects Hunt's state of mind only in the sense that any statement of a past event is a statement of the declarant's then-existing state of mind — his memory or belief about the past event. . . . [S]ection 1250, subdivision (b), the state of mind exception to the hearsay rule, provides, 'This section does *not* make admissible evidence of a statement of memory or belief to prove the fact remembered or believed.' [ ] Accordingly, under section 1250, subdivision (b), the state of mind hearsay exception was inapplicable." (*Id.* at p. 840.)

The same is true here. Officer Aloise's statement explaining why he detained Melchoir reflects Officer Aloise's state of mind only in the sense that it is a statement of his memory — of what he remembered seeing before he made the stop. As a result, and as in *Lee*, Officer Aloise's statement is not admissible under section 1250. "'[A] hearsay objection cannot be eliminated by eliciting the content of the statement in an indirect form.'" (*Romeo, supra,* 240 Cal.App.4th at p. 946, quoting 2 McCormick On Evidence (7th ed. 2013) § 249, at pp. 196-197; see *id.* at p. 197 ["testimony regarding 'information received' by the witness and the results of investigations made by other persons are properly classified as hearsay"].)

"Section 1250(b) does not permit a statement of memory or belief to be used to prove the fact remembered or believed. This limitation is necessary to preserve the hearsay rule. Any statement of a past event is, of course, a statement of the declarant's then existing state of mind—his memory or belief—concerning the past event. If the

6

evidence of that state of mind—the statement of memory—were admissible to show that the fact remembered or believed actually occurred, any statement narrating a past event would be, by a process of circuitous reasoning, admissible to prove that the event occurred." (Cal. Law Revision Com. com., West's Ann. Evid. Code (2015 ed.) foll § 1250, p. 420; see also Simons, Cal. Evidence Manual (2016) § 2:54, p. 146.)

The People's reliance on two cases, *People v. One 1948 Chevrolet Convertible Coupe* (1955) 45 Cal.2d 613 (*Chevrolet*) and *People v. Cox* (2003) 30 Cal.4th 916 (*Cox*) does not alter our conclusion. In *Chevrolet*, the California Supreme Court considered whether a defendant's statement after his arrest could be used as evidence of his knowledge of the presence of the narcotics in the car under section 1250. (*Chevrolet, supra*, at pp. 620-621.) *Cox* was a murder prosecution where the state of mind of the main prosecution witness's credibility was "clearly at issue[.]" (*Cox, supra*, at p. 963.)[4] Our high court determined the witness's "demeanor and her ability to give directions to the scene of the crime, the exact location of which was unreported, constituted nonhearsay circumstantial evidence of her state of mind, in this case, knowledge" under section 1250. (*Id.* at p. 963.) *Chevrolet* and *Cox* are completely distinguishable.

We have no quarrel with the general rule that a police officer's knowledge of certain facts is relevant when justifying a warrantless search (*People v. Sanders* (2003) 31 Cal.4th 318, 333) nor with the principle that probable cause to arrest depends on "the facts known to the arresting officer at the time of the arrest." (*Devenpeck, supra,* 543 U.S. at p. 152.) But neither of these cases stands for the proposition that the prosecution can satisfy its burden to prove the justification for a traffic stop where no detaining officer testifies at the hearing on the motion to suppress. We conclude the trial court properly granted Melchoir's motion to suppress because there was no admissible evidence justifying the detention.

---

[4]     Disapproved on other grounds as stated in *People v. Doolin* (2009) 45 Cal.4th 390, 421, and footnote 22.

DISPOSITION

The appellate division's decision is reversed and the trial court's order granting Melchoir's motion to suppress is affirmed.

_____
Jones, P.J.

We concur:

_____
Simons, J.

_____
Needham, J.