Filed 9/10/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ANTHONY CHAVEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B303298<br>(Super. Ct. No. 2018033279)<br>(Ventura County) |

Does Penal Code[1] section 1538.5 require the trial court to hold an evidentiary hearing when the defendant's stated issue to be decided is not relevant to the motion to suppress? The answer is no. The order denying the motion to suppress is affirmed.

## FACTS

Robert Anthony Chavez was charged with misdemeanor resisting, obstructing, or delaying a peace officer in violation of section 148, subdivision (a)(1). Chavez moved to suppress all tangible and intangible evidence pursuant to section 1538.5 on the ground that his initial detention was unlawful.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

The People asked the trial court to deny the motion without a hearing.  The People reasoned that even assuming the initial detention was unlawful, it would not be a basis for suppressing evidence of a violation of section 148, subdivision (a)(1).  The court agreed, and denied the motion without a hearing.

Chavez appealed to the appellate division of the superior court.  The appellate division reversed.  The court held that section 1538.5 always requires an evidentiary hearing absent a stipulation of facts.  (Citing *People v. Johnson* (2006) 38 Cal.4th 717, 728.)  The court ordered its opinion published.  We ordered the appeal transferred.

## DISCUSSION

Section 1538.5, subdivision (c)(1) provides, "Whenever a search or seizure motion is made in the superior court as provided in this section, the judge or magistrate shall receive evidence on any issue of fact necessary to determine the motion."

The People argue that here there is no issue of fact necessary to determine the motion.  They cite *In re Richard G.* (2009) 173 Cal.App.4th 1252, 1262 (*Richard G.*) for the proposition that the exclusionary rule does not apply to a new and distinct crime, even if it occurred during or immediately after an unlawful detention.

In *Richard G.*, police officers received a radio call that two males outside a residence were causing a disturbance.  The officers saw two males fitting the description given in the radio dispatch walking near a park.  The officers ordered the males to stop and sit on the ground.  The defendant refused and threatened the officers.  One of the officers grabbed the defendant to place him in a control hold.  The defendant resisted and

2

punched the officer.  The defendant was charged with a violation of section 148, subdivision (a)(1).

The defendant moved to suppress his statements and conduct during the detention on the theory that the detention was unlawful.  The trial court denied the motion.  We affirmed, stating: "An individual's decision to commit a new and distinct crime, even if made during or immediately after an unlawful detention, is an intervening act sufficient to purge the 'taint' of a theoretically illegal detention . . . [T]he defendant's new criminal behavior breaks the causal link between any constitutional violation and evidence of the new crime." (*Richard G.*, *supra*, 173 Cal.App.4th at p. 1262.)

At oral argument on the suppression motion, Chavez asserted that the issue was the lawfulness of the initial police contact with Chavez.  But the lawfulness of the initial contact is irrelevant to the suppression of evidence under the circumstances here.  Only relevant evidence is admissible.  (Evid. Code, § 350.) Section 1538.5, subdivision (c)(1) requires the trial court to receive evidence on "any issue of fact necessary to determine the motion."  The lawfulness of the initial contact is not an issue of fact necessary for a determination of the motion.

Chavez distinguishes *Richard G.* and similar cases on the ground that in each case the defendant had an evidentiary hearing on his motion to suppress.  But the question whether an evidentiary hearing was required was not considered in any of those cases.  A case is not authority for propositions not considered.  (*People v. Hatt* (2018) 20 Cal.App.5th 321, 326.) Similarly, in *People v. Johnson*, *supra*, 38 Cal.4th at page 728, a case relied on by the appellate panel, the question was whether the People could proceed at a section 1538.5 hearing by affidavits.

There was no question whether an evidentiary hearing was required.

Here, Chavez was not entitled to such hearing.  The trial court properly rejected his argument that he was entitled to an evidentiary hearing on any issue.  The language of section 1538.5 limits the scope of such a hearing.

DISPOSITION

The order denying the motion to suppress is affirmed.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

4

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender, and Michael C.
McMahon, Deputy Public Defender, for Defendant and Appellant.
Gregory Totten, District Attorney, and Thomas Frye,
Deputy District Attorney, for Plaintiff and Respondent.