Opinion
RYLAARSDAM, P. J.
We hold that a trial court may not, as an aid to settling a statement on appeal, engage in ex parte communications with a witness. A posttrial, off-the-record ex parte request that a witness restate his or her version of the facts in a memorandum to the court is clearly improper and must be disapproved. We find that a settled statement certified subsequent to the court’s receipt of such a communication so infects the integrity of the statement as to entitle the defendant to a new trial. In this case, due to the relatively minor nature of the infraction and the amount of the fine imposed, we will not remand for a new trial but will reverse the judgment and order the charge dismissed.
Facts
Defendant Al G. Marcroft was tried for violating Vehicle Code section 21651, subdivision (a) (making a left turn across a painted barrier, an infraction). The People were not represented by a deputy district attorney at the trial, and the sole prosecution witness was the citing officer.
After being found guilty, defendant filed a timely notice of appeal and, pursuant to California Rules of Court, rule 184(d), filed a timely proposed settled statement. The court then apparently requested the officer who had testified as a witness to furnish a statement.
The lower court did not conduct a hearing to settle the statement on appeal as required by California Rules of Court, rule 187 but, two months later, *Supp. 4 transmitted three separate documents—defendant’s proposed settled statement, a memorandum from the citing officer and a “settled statement on appeal” prepared by the court—to this court. The memorandum from the officer appears on its face[1] to have been solicited by the court after the trial. The record does not disclose the scope of the court’s request to the officer or the manner in which the memorandum was solicited. After receiving defendant’s request to augment the record on appeal, we, on our own motion, remanded the case to the lower court with directions to settle a statement on appeal in accordance with rule 197 and People v. Jenkins (1976) 55 Cal.App.3d Supp. 55, 63-65 [127 Cal.Rptr. 870].
Back in the lower court, a hearing to settle the statement was scheduled. According to the docket, because the citing officer was on vacation, a deputy district attorney waived his presence at the hearing. A second “settled statement on appeal,” consisting of a single four-page document certified by the court as “a true and correct statement as to the proceedings had in this matter” was subsequently transmitted to this court.
Discussion
While the decisions of appellate departments are not binding authority (People v. Corners (1985) 176 Cal.App.3d 139, 146 [122 Cal.Rptr. 387]; also see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal § 777, p. 747), we agree with the methodology for settling statements on appeal outlined in People v. Jenkins, supra, 55 Cal.App.3d Supp. 55.
Economic realities preclude the presence of prosecuting attorneys at most infraction trials. The People are not required to provide a prosecutor for every infraction trial, and, so long as the court’s conduct in the absence of a prosecutor “is fair and properly limited in scope,” the defendant in such a trial does not suffer denial of due process of law (People v. Carlucci (1979) 23 Cal.3d 249, 255 [152 Cal.Rptr. 439, 590 P.2d 15]). However, a judge involved in such a proceeding must be most circumspect in avoiding an appearance of lack of impartiality. The very absence of a prosecuting attorney makes it all the more important that the court at such trials use the utmost care to preserve not only the reality but also the appearance of fairness and lack of bias.
Whether or not the People provide a prosecuting attorney, the citing officer who testifies as to the circumstances of the citation is a witness, no *Supp. 5 more, no less. A judge is ethically prohibited from communicating with a witness on an ex parte basis by canon 3A(4) of the California Code of Judicial Conduct which provides, in pertinent part, that a judge “except as authorized by law, [should] neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding.” An ex parte request of the officer/witness to aid the court in its function to settle a statement on appeal, besides raising ethical issues pertaining to the communication between the court and a witness outside the presence of the defendant (see, e.g., In re Youngblood (1983) 33 Cal..3d 788 [191 Cal.Rptr. 171, 662 P.2d 108]), also enhances a public perception that the court is merely an instrument of law enforcement. In People v. Webster (1983) 143 Cal.App.3d 679, 685 [192 Cal.Rptr. 86], where the trial court had solicited and relied upon ex parte telephone communications with California Youth Authority personnel in sentencing a defendant to state prison, the reviewing court remanded for a new sentencing hearing and said, “If a judge may receive information outside the record, there seems little point in ensuring a properly adversary procedure at sentencing.’ [citation].”
Our concern here is not whether the testimony provided by the citing officer at the trial was sufficient to support the judgment or whether the conduct of the court during the trial was “fair” or “properly limited.” Our concern is the clearly improper contact between the court and the witness after the trial in order to aid the court in its duty to settle a statement and its effect on the defendant’s effort to exercise his right to seek review of the lower court judgment in this court.
Furthermore, one of the vices, separate from the ex parte nature of the communication, is that the record fails to disclose the nature of the communication between the court and the officer. Did the court request that the officer summarize his own testimony at the trial or did the court merely request that the officer once against (and in an unverified document) apprise the court of the facts leading to the issuance of the citation? In the latter case, one might wonder what purpose the trial served, if the record consists not of what transpired at the trial, but merely of the officer’s recollection of the incident giving rise to the citation.
The trial judge has the final responsibility for settling a statement that sets forth “fairly and truly the evidence and proceedings” (Cal. Rules of *Supp. 6 Court, rule 187). And, under People v. Jenkins, supra, 55 Cal.App.3d at pages Supp. 64-65, in order to do that, the court may rely on the appellant’s proposed statement, the People’s proposed amendment, the court’s own notes or memory of the evidence, the reporter’s notes if the trial was reported or, “[a]s a last resort,” the court “may recall witnesses to give testimony anew.”
In the context of this case, the lower court could have recalled the citing officer, put him under oath and asked him to repeat what he had said at the trial. Defendant would have been entitled to be present at such a hearing, cross-examine the witness, and present argument as to what transpired during the trial. It would obviously have been improper to ask the citing officer, at a point many months after the incident, whether or not he was under oath, to describe the circumstances surrounding the issuance of the citation. An appellate court reviews the evidence that was before the trial judge during the trial, not evidence that was before him or her after trial.
The docket indicates that the citing officer never reappeared before the court in this case and, based on the memorandum he submitted to the court, he was responding to a request by the court. Since he was not under oath and since it is impossible to determine whether he was repeating his trial testimony or recalling the circumstances of the citation, we cannot conclude that he was accurately repeating his trial testimony and that such a repetition refreshed the court’s memory to a sufficient degree to allow the court to produce a settled statement that accurately reflected the evidence that was before it at trial.
A recent case, Weinstein v. E. F Hutton & Co. (1990) 220 Cal.App.3d 364, 367 [267 Cal.Rptr. 443], held that a court may use only authorized procedures in preparing a record on appeal. There, a complete transcript could not be prepared because the court reporter had lost the notes from one of the days of trial and the trial court had ordered the witness who had testified that day to testify again so that his testimony could be added to the transcripts of the remaining days. The reviewing court stated that such a procedure was unacceptable because inter alia, the witness’s “new testimony would inevitably differ in some respects from his prior testimony.” (id. at p. 370.) it noted that a number of cases, including People v. Jenkins, supra, 55 Cal.App.3d Supp. 55, allowed a judge, in order to aid himself or herself in *Supp. 7 remembering and reconstructing prior testimony, to recall witnesses to “repeat their testimony.” (220 Cal.App.3d at p. 370.)
Here, not only was the citing officer not actually recalled as a witness, it is not clear whether he was asked by the court to repeat his trial testimony or to recount de novo his version of the circumstances surrounding defendant’s citation. The procedure used was clearly improper and the integrity of the settled statement so doubtful that we are compelled to reverse. In view of the minor nature of the charge, a retrial is not warranted.
Disposition
The judgment of conviction is reversed, and the matter is remanded to the lower court with directions to dismiss the charge against defendant.
Jackman, J. and Owen, J., concurred.

The statement from Officer D. R. Haid to Commissioner A. Stone, dated April 15, 1991, began with the following paragraph: “In regards to our conversation regarding the A1 Marcroft case, cite #F392305 which is on appeal. This is in response to your request for a statement concerning the incident which occurred on October 23, 1990.”