Opinion
WALSH, J.
A. INTRODUCTION
Appellant Alin T. Dragomir was cited for speeding. He requested a trial. At trial, where neither appellant nor the respondent was represented by counsel, *Supp. 3 both the citing officer and appellant testified. After appellant presented his testimony, the court, over appellant’s objection, allowed the officer to cross-examine appellant. Appellant was convicted of speeding and was fined.
In the published portion of this opinion, we agree with appellant that it was error for the trial court to allow him to be cross-examined by the officer, whose only proper role was as a witness. However, appellant’s conviction is affirmed because he has failed to show that he was prejudiced by the error.
B. TRIAL EVIDENCE
The following evidence was presented through the trial testimony of California Highway Patrol Officer Atkins, the sole witness for the People, who were not represented by a prosecutor. On August 24, 2003, Officer Atkins was on duty, driving a marked patrol vehicle. She was headed northbound on Highway 17 toward Highway 85 in Santa Clara County when she observed appellant’s vehicle ahead of her in lane No. 3 of four lanes. The traffic was moderate and the weather was clear and dry.
Officer Atkins observed appellant’s vehicle move to the No. 4 lane and pass traffic at a high rate of speed. Then, his vehicle moved to the No. one lane. She paced appellant and determined his speed to be 90 miles per hour. She stopped appellant’s vehicle and issued a citation for violating Vehicle Code section 22349, subdivision (a), exceeding the maximum speed limit.
Officer Atkins identified the driver of the vehicle by his California driver’s license. She advised him of the reason for the stop and asked if he knew what his speed was. He replied that he did not know how fast he was going.
At the conclusion of Officer Atkins’s trial testimony, appellant, appearing in propria persona, cross-examined the officer. He asked her several questions, including, “Did you change lanes when I merged onto 85?” and “At the stop, do you remember my exact words?”
Next, appellant testified. When appellant finished his direct testimony, the officer asked appellant on cross-examination if, during the stop, she had asked him for his driver’s license and insurance and whether he provided them. Appellant objected on the grounds that, because the officer was a witness, he should not have to answer any of her questions. The court overruled the objection and directed the officer to proceed with her cross-examination. Appellant responded “yes” to both of the officer’s questions.
At the close of the evidence, appellant moved to dismiss the violation on the grounds of insufficient evidence and because he was not properly identified at trial. The motion was denied. Appellant was found guilty and fined $193.50.
*Supp. 4 C. GROUNDS FOR APPEAL
Appellant states five grounds for his appeal. First, the court committed judicial error by allowing the officer to cross-examine appellant. Second, he was not properly identified at trial. Third, the officer was “incompetent due to lack of independent recollection.” Fourth, the calibration certificate of the officer’s speedometer was improperly admitted into evidence. Finally, he argues, there was insufficient evidence to support his conviction.
D. DISCUSSION
1. The Officer’s Cross-examination of Appellant
The People are not required to provide a prosecutor for every infraction trial. If the court’s conduct in the absence of a prosecutor “ ‘is fair and properly limited in scope,’ the defendant in such a trial does not suffer denial of due process of law.” (People v. Marcroft (1992) 6 Cal.App.4th Supp. 1,4 [8 Cal.Rptr.2d 544], quoting People v. Carlucci (1979) 23 Cal.3d 249, 255 [152 Cal.Rptr. 439, 590 P.2d 15].)
Evidence Code section 773, which governs who may examine a witness, states: “(a) A witness examined by one party may be cross-examined upon any matter within the scope of the direct examination by each other party to the action in such order as the court directs. [CJ[] (b) The cross-examination of a witness by any party whose interest is not adverse to the party calling him is subject to the same rules that are applicable to the direct examination.”
Evidence Code section 775 further states: “The court, on its own motion or on the motion of any party, may call witnesses and interrogate them the same as if they had been produced by a party to the action, and the parties may object to the questions asked and the evidence adduced the same as if such witnesses were called and examined by an adverse party. Such witnesses may be cross-examined by all parties to the action in such order as the court directs.”
Apparently, because there was no prosecutor present at this trial, the court allowed the officer to cross-examine appellant. This was error because the officer was not a “party” within the meaning of Evidence Code section 773 or section 775. The “party” was the People of the State of California, and the officer was simply their witness. There is no provision in the Evidence Code which allows a witness to conduct a cross-examination of another witness. Therefore, appellant’s objection to the officer’s cross-examination of him should have been sustained.
*Supp. 5 Violations of rights under state law are subject to review under the standard of People v. Watson (1956) 46 Cal.2d 818 [299 P.2d 243]. Thus, in reviewing the trial court’s error in applying the Evidence Code, the test is whether it is “reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.” (Id. at p. 836; see People v. Rodriguez (1986) 42 Cal.3d 1005, 1012 [232 Cal.Rptr. 132, 728 P.2d 202].) Here, appellant has failed to show that a different result would have been reached if the officer had not cross-examined him. However, even if his answers to the questions were stricken, there was ample evidence he was the driver of the vehicle.
Therefore, even though it was error for the trial court to allow the officer to cross-examine appellant, the error was harmless because appellant has not shown that he was prejudiced by the error.
2.-5.*
DISPOSITION
The decision of the lower court is affirmed.
Cunningham, P. J, and Huber, J., concurred.

See footnote, ante, page Supp. 1.