Filed 7/8/20 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> LULA SOPHIA GONG COTSIRILOS et al., <br><br> Defendants and Respondents. | D076870 <br><br> (Super. Ct. No. 18T312047C, 18T125881C) <br><br> ORDER MODIFYING OPINION AND DENYING REHEARING <br><br> **NO CHANGE IN JUDGMENT** |

THE COURT:

It is ordered that the opinion filed June 19, 2020 be modified as follows:

On page 7, the last sentence of footnote 3 after "challenge raised by," delete the word "appellants" and insert the word "respondents" so the sentence reads:

> On this record, the only plausible challenge raised by respondents is the broader one—whether a prosecuting attorney's appearance or response to a suppression motion is required as a rule in all infraction cases.

Respondents' petition for rehearing is denied.

**There is no change in judgment.**

BENKE, Acting P. J.

Copies to: All parties

Filed 6/19/20 (unmodified opinion)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076870 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 18T312047C, 18T125881C) |
| LULA SOPHIA GONG COTSIRILOS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Peter W. Singer, Commissioner.  Reversed.

Mara W. Elliott, City Attorney, John C. Hemmerling, Assistant City Attorney,

Jonathan I. Lapin, Deputy City Attorney for Plaintiff and Appellant.

John Cotsirilos and Rebecca P. Jones for Defendant and Respondent Lula Sophia

Gong Cotsirilos.

Law Office of James M. Bishop and James M. Bishop for Defendant and

Respondent Tess Elisabet Edman.

Two defendants cited for underage alcohol infractions moved to suppress the evidence upon which the prosecution relied. Although the People filed no written opposition and made no appearance at the suppression hearing, they did subpoena the two investigating officers. Rather than take evidence, the superior court granted the suppression motions based solely on the People's failure to respond or appear. The appellate division of the superior court agreed, concluding that while no written opposition was required, the People's failure to respond *or* appear compelled suppression.

Upon transfer of the appeal to this court, we conclude that in the ordinary infraction case, the prosecution is not required to oppose a motion to suppress by filing an opposition brief or appearing at the suppression hearing. Instead, it may meet its burden to provide justification for a warrantless search by subpoenaing relevant law enforcement witnesses, who may in turn provide narrative testimony to the court in the same manner as would be permitted in the prosecution's absence at an infraction trial. So long as the court's conduct in calling and questioning witnesses is fair and properly limited in scope, such a procedure provides a fair hearing, does not lessen the prosecution's burden of proof, and comports with the flexible procedures allowed in infraction *trials* under *People v. Carlucci* (1979) 23 Cal.3d 249 (*Carlucci*) and *People ex rel. Kottmeier v. Municipal Court* (1990) 220 Cal.App.3d 602 (*Kottmeier*). Because the superior court concluded the prosecution's nonappearance in and of itself compelled suppression, we must reverse and remand for a new hearing on the motions to suppress.

FACTUAL AND PROCEDURAL BACKGROUND

While walking one evening in San Diego's College Area, Defendants Lula Sophia Gong Cotsirilos and Tess Elisabet Edman were stopped and cited for underage possession of alcohol in a public place.  (Bus. & Prof. Code, § 25662, subd. (a).)  Officers took from them two bottles of clear liquid, one labeled "Arrowhead" and another labeled "Brisk tea."

The day they were directed to appear in superior court, defendants moved to suppress the evidence seized, arguing the officers lacked reasonable suspicion to detain them.  The Office of the San Diego City Attorney—the designated prosecuting agency— did not file an opposition brief, nor did an attorney from that office attend the suppression hearing.  Instead, it subpoenaed the Department of Alcoholic Beverage Control (ABC) officers who issued the citations, both of whom appeared at the hearing.

Commenting on the officers' presence, the court commissioner remarked, "I don't know why you were subpoenaed today.  It's not a trial, it's a law and motion issue.  And, typically, when you have law and motion, it's . . . arguments between the attorneys."[1] The court noted that "for one reason or another," the city attorney "(a) didn't respond, and

---

[1]    The meaning of the commissioner's comment is not completely clear.  Except in the unusual case where there are no disputed issues of fact to resolve, an evidentiary hearing will be required to evaluate the merits of the motion.  (See, e.g., *People v. Johnson* (2006) 38 Cal.4th 717, 723 (*Johnson*) [prosecution cannot meet its burden of justifying the warrantless search or seizure by presenting affidavits of investigating officers in lieu of their live testimony].)

3

(b) didn't show up." Because no opposition had been submitted, it felt bound "under the law" to grant both motions to suppress.

The People appealed the rulings to the appellate division of the superior court, which upheld the suppression orders. In a detailed opinion, the panel explained that although the People were not required to file written oppositions to the motions to suppress, it could not meet its burden where no response was filed *and* no appearance made. Finding the People's analogy to infraction trials unconvincing, the appellate division questioned whether "at a suppression hearing, the officer's testimony would necessarily be the same as a trial, or that the bench officer's job in assessing that testimony is identical." It also expressed serious reservations that asking a superior court to elicit reasonable justification for a search from subpoenaed witnesses in the prosecution's absence would both place the officer in an unlawful role of an advocate and impose "far too much burden on the impartial decision maker" in requiring courts to "ferret out information about possible justifications" for the search.

Following the People's petition, we ordered the case transferred to this court. (Cal. Const., art. VI, § 11; Code Civ. Proc., § 911; Cal. Rules Court, rule 8.1006.)

DISCUSSION

"Where, as here, a case is certified for transfer to this court in order to settle important and recurring questions of law, we have the same power to review any matter and make orders as the superior court's appellate division." (*People v. Linn* (2015) 241 Cal.App.4th 46, 56.) "Therefore, our review is as if the parties directly appealed from the trial court ruling on defendant's suppression motion." (*Ibid*.) Here, the trial court

4

suppressed evidence purely because the prosecution failed to respond in writing to the suppression motion or appear at the hearing. As it did not question the officer or hear argument on the motion, there is no other basis for the court's ruling.

The question before us is whether a superior court must in every infraction case grant a motion to suppress when the prosecution does not respond in writing or appear at the suppression hearing. Once a defendant makes a prima facie showing that law enforcement acted without a warrant, the burden lies squarely on the prosecution to provide justification for a warrantless search. (*Johnson*, *supra*, 38 Cal.4th at p. 723; *People v. Williams* (1999) 20 Cal.4th 119, 136 (*Williams*).) According to the People, the prosecution can meet this burden in infraction cases by subpoenaing relevant law enforcement witnesses and securing their presence at a suppression hearing. Defendants disagree, arguing the prosecution must notify the court or the defendant in some manner that it opposes the motion. The superior court's resolution of this matter presents a question of law, subject to de novo appellate review. (See *People v. Ayala* (2000) 23 Cal.4th 225, 255 [court's selection of "the applicable rule of law" on a motion to suppress presents a pure question of law].)

## A.

At the outset, we agree with the appellate division that the People are not required to file a brief opposing a motion to suppress. The superior court commissioner in granting the defense motions stated: "There is no opposition that's been submitted. So I, under the law, . . . I'm therefore required to grant the motions." He did not specify the law on which he relied. Under a local rule, the People's failure to timely file and serve a

5

responsive brief to a criminal motion "*may* be considered by the court as an admission that the motion is meritorious." (Super. Ct. S.D. County, Local Rules, rule 3.2.1 (C)(5), italics added.) But even this permissive rule can resolve suppression motions "only to the extent it is not inconsistent with [Penal Code] section 1538.5, *Williams*, or other applicable statute or case law." (*People v. Smith* (2002) 95 Cal.App.4th 283, 301 (*Smith*); see generally, *Rutherford v. Owens-Illinois*, *Inc.* (1997) 16 Cal.4th 953, 967 [" 'trial judges have no authority to issue courtroom local rules which conflict with any statute' or are 'inconsistent with law' "].)

No statute or case authority requires the prosecution to file an opposition brief. Penal Code sections 1538.5 and 1539 "together provide a detailed and comprehensive procedure governing the making, hearing, resolution, and appeal of motions to suppress evidence based on the ground of unlawful search and seizure." (*Johnson*, *supra*, 38 Cal.4th at p. 724.) *Williams*, *supra*, 20 Cal.4th at pages 130 to 131 delineates pleading requirements for motions to suppress. "Although it usually is advisable for the prosecution to file a responsive brief setting forth a justification for a warrantless search or seizure, neither [Penal Code] section 1538.5 nor *Williams* requires the prosecution to do so." (*Smith*, *supra*, 95 Cal.App.4th at p. 302; see also *People v. Britton* (2001) 91 Cal.App.4th 1112, 1117 [no due process violation where prosecution opposes suppression motion only orally]; *In re Justin K.* (2002) 98 Cal.App.4th 695, 698 [same,

as to suppression motion filed in juvenile court].)[2] Because the law does not require an opposition brief, the superior court could not rely on the People's noncompliance with a local rule to grant the suppression motions. (See *Smith*, at pp. 302−303 [defendant's noncompliance with local rule governing reply briefs could not relieve prosecution of its burden to justify the search].)

B.

Although it determined no written opposition was required, the appellate division concluded that suppression was proper given the People's added failure to appear at the motion hearing. Thus we must address whether, to meet its burden of proof, the prosecution is always and necessarily required to appear at suppression hearings in infraction cases where it does not otherwise respond.[3] For reasons we explain, the answer is no.

---

[2] Indeed, the more specific local rule governing suppression motions also implies that the filing of an opposition brief is permissive—if defendant's motion to suppress "alleges the lack of a warrant as the sole basis for suppression, *any* opposition filed by the People should specify the justification for the warrantless search." (Super. Ct. S.D. County, Local Rules, rule 3.2.2(C)(5)(a), italics added.)

[3] At oral argument, Cotsirilos attempted to frame the issue more narrowly: whether the prosecution *in this case* could meet its burden of proof where the ABC officers never told the commissioner they were appearing to convey the prosecution's justification for the search. But it was clear to all present that the officers had been subpoenaed by the prosecution in response to the pending suppression motions. The commissioner *precluded* their live testimony on the misapprehension that law-and-motion matters only involved "arguments between the attorneys." On this record, the only plausible challenge raised by appellants is the broader one—whether a prosecuting attorney's appearance or response to a suppression motion is required as a rule in all infraction cases.

7

Over forty years ago, the Supreme Court concluded in *Carlucci*, *supra*, 23 Cal.3d 249 that holding infraction trials without a prosecutor present does not as a rule violate a defendant's due process rights. The defendant in *Carlucci* was on trial for speeding. When the prosecution did not appear, the judge called the sheriff's deputy who had issued the citation and permitted him to testify in narrative form. The defendant cross-examined the deputy. He then testified in his defense that he was not speeding, with the court asking follow-up questions. (*Id.* at pp. 252−253.) The Supreme Court approved this procedure, holding, "traffic infraction trials may be conducted without a prosecuting attorney in attendance if the conduct of the court, including its questioning of witnesses, is far and properly limited in scope." (*Id.* at p. 255; see Evid. Code, § 775 [court may call and interrogate witnesses on its own motion].) "Such actions constitute neither a per se denial of due process rights nor transmute the judge into prosecutor." (*Carlucci*, at p. 256.) As the court explained, in a typical infraction trial:

> "In the absence of a prosecuting attorney the citing officer routinely takes the stand and gives a narrative description of the events leading to the issuance of the citation. The defendant will then have full opportunity to cross-examine the officer and then may himself testify, and present such other evidence as may be probative and relevant. Under these circumstances we are satisfied that a trial judge should, within proper limits, be permitted to ask questions for the purpose of clarifying ambiguities and to insure that justice is done both to the accused and to the People, all this without jeopardizing the court's ability to act in a judicious, independent, detached, and neutral manner." (*Carlucci*, *supra*, 23 Cal.3d at p. 258.)

Although permitting this flexible approach for infraction trials, *Carlucci* cautioned that courts "must not undertake the role of either prosecutor or defense counsel."

(*Carlucci*, *supra*, 23 Cal.3d at p. 258.) "It is fundamental that the trial court in the conduct of infraction hearings must refrain from advocacy and remain circumspect in its comments on the evidence, treating litigants and witnesses with appropriate respect and without any demonstration of partiality or bias." (*Ibid.*; see e.g., *Victaulic Co. v. American Home Assurance Co.* (2018) 20 Cal.App.5th 948, 975 ["a trial court 'should exercise great caution in the examination of witnesses, lest by the nature or form of the questions asked he throw the weight of his influence to the one side or the other' "].)

The *Carlucci* court identified several policy reasons justifying a more flexible approach for infraction cases. As the court observed, "it is in the interests of the defendant, law enforcement, the courts, and the public to provide simplified and expeditious procedures for the adjudication of less serious traffic offenses." (*Carlucci*, *supra*, 23 Cal.3d at p. 257.) While those found guilty of a traffic infraction might lose driving privileges, face higher insurance premiums, or find it difficult to pay the levied fines, "with these considerations before them, the courts and the Legislature have repeatedly evidenced their determination to keep the processing of traffic infractions free from the procedural intricacies that characterize more serious criminal proceedings." (*Ibid.*) Procedural flexibility worked to a defendant's benefit, as the court explained. Those charged with infractions are not entitled to appointed counsel or a jury trial (Pen. Code, § 19.6), and the penalty in even an aggravated case would rarely justify the cost of retaining counsel. "If a prosecutor were required to participate in infraction hearings, the unrepresented defendant would find himself in opposition to a professional adversary, hardly to a defendant's advantage." (*Carlucci*, at p. 258.)

9

*Carlucci* focused on the due process question—whether the court's examination of prosecution witnesses in the prosecuting attorney's absence denied a defendant a fair infraction trial. Subsequent cases addressed a related statutory question. When *Carlucci* was decided, Government Code section 26500 compelled public prosecutors to "attend the courts, and conduct on behalf of the people all prosecutions for public offenses." (Stats. 1947, ch. 424, p. 1139.) Shortly after *Carlucci*, the statute was amended to its present form: "The public prosecutor shall attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses." (Gov. Code, § 26500, as amended by Stats. 1980, ch. 1094.) Construing this language, the appellate division in *People v. Daggett* (1988) 206 Cal.App.3d Supp.1 concluded that public prosecutors are not statutorily required to attend infraction trials. They instead have *discretion* under Government Code section 26500 whether to appear. (*Daggett*, at p. Supp. 5.) This discretion is reasonable given "the realities of present-day funding concerns" that might influence a prosecuting attorney's nonappearance at infraction trials. (*Id.* at p. Supp. 6.) Nevertheless, underscoring the concerns raised in *Carlucci*, the *Daggett* court cautioned that where a prosecutor does not appear, the court must be vigilant not to improperly assume an advocacy role. (*Daggett*, at p. Supp. 6.)

Two years later, Division Two of the Fourth Appellate District reached the same broad conclusions. At issue in *Kottmeier*, *supra*, 220 Cal.App.3d 602 was a municipal court practice issuing acquittals or dismissals every time the prosecution did not appear for trial. Although the court did not compel the attendance of prosecuting attorneys, it refused to allow prosecution witnesses to take the stand in their absence. (*Id.* at

10

pp. 605−607.) The San Bernardino District Attorney challenged this practice, and the appellate court agreed that infraction trials could proceed in the prosecution's absence consistent with due process as interpreted in *Carlucci* and Government Code section 26500. (*Kottmeier*, at pp. 608−609.)

As the *Kottmeier* court explained, although trial courts possess inherent authority to refuse to proceed in "an extreme case" in the prosecutor's absence, they cannot require attendance as a rule for "infractions normally processed rapidly and informally." (*Kottmeier*, *supra*, 220 Cal.App.3d at p. 610.) Addressing how to proceed without a prosecutor, *Kottmeier* stopped short of requiring courts "to take the initiative in examining the People's witnesses." (*Id.* at p. 611.) It explained that "no court should be placed in the position of appearing to assist one side over the other," and "[t]his principle should be most carefully and rigorously followed where the party being questioned appears for the prosecution, to avoid the inference that the court and law enforcement are 'in cahoots' and the result of the trial a foregone conclusion." (*Id.* at pp. 611−612.) While the exact contours of the court's role could not be laid out for every case, *Kottmeier* concluded it would be broadly acceptable for a court to require the prosecution to furnish a witness list and permit those witnesses to give a narrative recital. (*Id.* at p. 612.) "The court has no obligation, however, to assist the People's witnesses in presenting the case, and we recognize its continuing discretion to request the presence of a prosecutor in the unusual case." (*Ibid.*)

From these authorities, we derive a few guiding principles. The nature of infraction cases warrants a greater measure of procedural flexibility than would be

11

allowed in felony and misdemeanor cases, for the benefit of all parties involved. (See *Carlucci*, *supra*, 23 Cal.3d at pp. 257−258.) There is no constitutional or statutory impediment to the court calling and examining prosecution witnesses at an infraction trial in the prosecuting attorney's absence. (*Id.* at p. 258; *Daggett*, *supra*, 206 Cal.App.3d at Supp. p. 5; *Kottmeier*, *supra*, 220 Cal.App.3d at pp. 611−612.) Although a court cannot be forced to make the prosecution's case for it and must indeed proceed with utmost caution to avoid advocacy or any appearance of bias in questioning witnesses, asking subpoenaed law enforcement witnesses for a narrative recital of events generally does not raise those concerns. (*Kottmeier*, at pp. 611−612; *Carlucci*, at pp. 256, 258.) In the unusual case, a court retains authority to request a prosecutor's participation. (*Kottmeier*, at pp. 610, 612.) But it may not dismiss or acquit an ordinary infraction case at trial based solely on a prosecutor's nonappearance. (*Id.* at pp. 610−611 & fn. 6.)

C.

The appellate division concluded that the principles articulated in *Carlucci* and *Kottmeier* do not extend to suppression hearings in infraction cases. We disagree. Where, as here, the prosecution does not respond to a suppression motion filed in an infraction case or appear at the motion hearing, but it does subpoena relevant law enforcement witnesses to testify, we cannot say as a matter of law it is unable to meet its burden of proof.

The prosecution bears the burden at trial of proving defendant's guilt for the cited infraction beyond a reasonable doubt. (Pen. Code, §§ 19.7, 1096.) At a suppression hearing, the burden is lower. The prosecution must show by a preponderance of the

12

evidence facts that justify the warrantless search. (*People v. James* (1977) 19 Cal.3d 99, 106, fn. 4.) Bearing in mind that flexible procedures are appropriate in infraction cases (*Carlucci*, *supra*, 23 Cal.3d at pp. 257−258), there is no persuasive reason to compel prosecutorial participation at a suppression hearing but not at an infraction trial where the burden is higher. Indeed, a suppression motion may be brought during an infraction trial (see Pen. Code, § 1538.5, subd. (h)), at which the prosecution need not appear. In the run-of-the-mill infraction case, we agree with the People that an officer's testimony will both provide the justification for the search and the basis for the conviction. A typical speeding case, for example, will involve the same evidence to justify the stop as to support a conviction. Although the two subpoenaed ABC officers were not permitted to testify here, they might have described their perception of defendants' youth and objects they were carrying, which in turn could potentially have supported both the justification for the search and their guilt.

The appellate division questioned whether an officer's testimony at a suppression hearing "would necessarily be the same as at a trial, or that the bench officer's job in assessing that testimony is identical." Defendants make a similar point here. Regardless of whether there is complete overlap, the broad import of *Carlucci* and its progeny applies. A superior court can make evidentiary assessments at an infraction suppression hearing with or without the presence of a prosecuting attorney in the same manner as it could at an infraction trial.

Nor is a lawyer required to convey this evidence to the court. Law enforcement officers are expected to draft warrants, and they receive basic training on exceptions to

13

the Fourth Amendment's warrant requirement. Just as a court may call and question witnesses in the prosecution's absence at *trial*, it may do the same at a suppression hearing in most infraction cases to obtain any justification for a warrantless search. We disagree with the appellate division that what the prosecution did here—subpoena the investigating officers to appear at the suppression hearing in an infraction case, but make no formal response or appearance—"unilaterally delegate[d] to the trial bench officer their obligation to justify the alleged Fourth Amendment intrusion."

The appellate division expressed understandable concern that a trial judge should not be asked to "ferret out" the justification for a search. We wholeheartedly agree. But if a prosecutor's absence at an infraction trial does not invariably force a superior court into an untenable prosecutorial role (*Carlucci*, *supra*, 23 Cal.3d at p. 256), the same holds true for an infraction suppression hearing.

We believe many of the appellate division's concerns are resolved by adopting the same procedures applicable to infraction trials. Accordingly, in an ordinary infraction suppression hearing, a law enforcement witness subpoenaed to appear can be expected to provide his or her justification for a warrantless search in narrative form. (*Kottmeier*, *supra*, 220 Cal.App.3d at p. 612.) To the extent clarification is required, the trial judge may ask follow-up questions as to any aspect of this testimony. (*Carlucci*, *supra*, 23 Cal.3d at p. 256.) In so doing, the court does not, and cannot, "ferret out" a basis for the search. If, for example, the officer's testimony hints at a possible justification without clearly articulating one, the court may not fill in the blanks. If at the end of the officer's testimony, the court is left with a muddled understanding as to the justification for a

14

warrantless search or seizure, it has at least two options. As the People suggest, it may grant the suppression motion, concluding the prosecution failed to carry its burden of proof. Or, in the unusual infraction case warranting the prosecution's participation, it may continue the hearing and request the prosecuting attorney's appearance. (*Kottmeier*, at pp. 610, 612.) What a court may not do is conclude, as it did here, that the prosecution's failure to respond to the suppression motion or appear at the hearing *automatically* compels suppression in this infraction case irrespective of any testimony the subpoenaed officers might have offered.[4]

D.

Defendants argue that if the prosecution wants to oppose a suppression motion without responding or appearing, it must at minimum notify the court and the defendant of its opposition. They are right that "the prosecution cannot expect the judicial officer to investigate or research the prosecution's legal justifications for the search" or "give the prosecution's witnesses legal advice or directions." We do not mean to suggest otherwise. But where the investigating officers are subpoenaed for the suppression hearing, the superior court may solicit their testimony in narrative form as to the basis for the challenged search or seizure, clarifying as needed and permitting the defense to

---

[4]    The appellate division also expressed concern that calling law enforcement witnesses in the prosecution's absence would force the *officer* into the "unlawful role of advocate." To be sure, "[w]hether or not the People provide a prosecuting attorney, the citing officer who testifies as to the circumstances of the citation is a witness, no more, no less." (*People v. Marcroft* (1992) 6 Cal.App.4th Supp. 1, 4−5 (*Marcroft*).) The officer could not cross-examine defense witnesses or present argument in opposition to the suppression motion. (See e.g., Bus. & Prof. Code, § 6125.)

15

respond—i.e., the same approach followed in infraction trials conducted without a prosecuting attorney. No formal notice of opposition is required for this purpose, just as no formal notice is required at an infraction trial that the prosecutor opposes the defendant's not-guilty plea. Notice is achieved in both circumstances by securing relevant witnesses to appear in court and provide testimony on the prosecution's behalf.

As a factual matter, we reject defendants' contention that "the prosecution did nothing to alert the court that it could or wanted to discharge [its] burden" to provide justification for the warrantless searches. It was amply apparent that the prosecution had subpoenaed the two ABC officers to provide evidence in opposition to the motions. At the start of the hearing, the court inquired whether defendants had "proofs of service that these motions were served on the City Attorney's Office" and expressed concern over a mix-up regarding case numbers. When the court stated it was inclined to continue the hearing, counsel for Cotsirilos replied that the prosecution "did understand which case it was because they subpoenaed the officers for today." Counsel for Edman agreed: "the reason we know that the City knew it was this case we're talking about is because the officers that were subpoenaed are the two officers that were on this case." The court then determined that in light of the subpoenas, the City Attorney's Office "did connect your moving papers with the cases."

Finally, we disagree that statutory and case authority governing motions to suppress compel the prosecution to provide some formal response. At a suppression hearing, the burden lies squarely on the prosecution to provide some justification for the warrantless search. (*Johnson*, *supra*, 38 Cal.4th at p. 723.) The prosecution cannot meet

16

its burden by presenting affidavits in lieu of an investigating officer's live testimony, as Penal Code sections 1538.5 and 1539 "clearly contemplate that a suppression motion will be litigated at a hearing at which live witnesses testify." (*Johnson*, at pp. 725−726.) But nothing in the case law or governing statutes compel a prosecution's participation at a suppression hearing in an infraction case. (See, e.g., Pen. Code, § 1539, subd. (a) ["*the judge* or *magistrate* shall proceed to take testimony in relation thereto" (italics added)].) While live testimony is clearly required under governing statutes, that can occur in the prosecution's absence so long as the court is careful to observe its proper role.

E.

"Economic realities preclude the presence of prosecuting attorneys at most infraction trials." (*Marcroft*, *supra*, 6 Cal.App.4th at p. 4.) The same is true of suppression hearings in most infraction cases.[5] We hold that as a general matter, the prosecution may meet its burden of proof on a motion to suppress in an infraction case by subpoenaing relevant witnesses to provide a narrative account at the suppression hearing without a prosecuting attorney present. We caution, however, that a superior court's

---

5     Out of 284,146 criminal cases resolved in San Diego County in the 2017 to 2018 fiscal year, nearly *85 percent* were infractions (215,353 traffic infractions and 25,269 nontraffic infractions). (See Judicial Council of California, 2019 Court Statistics Report: Statewide Caseload Trends (2019) p. 136 <https://www.courts.ca.gov/documents/2019-Court-Statistics-Report.pdf> [as of June 18, 2020], archived at < https://perma.cc/U2E3-UR2H>.) Because prior years are less instructive, we deny the People's request for judicial notice of caseload statistics in the 2015 to 2016 fiscal year. (See *People v. Blount* (2009) 175 Cal.App.4th 992, 995, fn. 2 [denying judicial notice as to matters not required for consideration of appeal].)

conduct in the prosecutor's absence must be "fair and properly limited in scope." (*Carlucci*, *supra*, 23 Cal.3d at p. 255.) In calling and examining prosecution witnesses, the bench officer must be vigilant to avoid advocacy or any appearance of bias. "The very absence of a prosecuting attorney makes it all the more important that the court at such [hearings] use the utmost care to preserve not only the reality but also the appearance of fairness and lack of bias." (*Marcroft*, at p. 4.) In the atypical case where circumstances necessitate a prosecuting attorney's participation, the court retains authority to request it. (See *Kottmeier*, *supra*, 220 Cal.App.3d at pp. 610, 612.) Within these confines, we are satisfied that a defendant will receive a fair hearing without in any way lessening the prosecution's burden of proof.

Having heard no evidence, the superior court granted defendants' motions to suppress based entirely on the People's failure to respond or appear. Although that ruling was erroneous, we offer no opinion on the merits of the motions themselves. On remand, the court is directed to conduct a new hearing on defendants' motions to suppress, consistent with the limitations discussed above, to determine whether the prosecution has met its burden of proving by a preponderance of the evidence justification for the warrantless searches.

## DISPOSITION

The orders granting defendants' motions to suppress are reversed, and the matter is remanded for a new hearing on defendants' motions. If the prosecuting attorney does not appear at that hearing and again subpoenas relevant law enforcement witnesses, the court may call and examine those witnesses in a limited manner consistent with the guidance provided in this opinion.

DATO, J.

WE CONCUR:

BENKE, Acting P. J.

GUERRERO, J.

19