**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodrigo SANDOVAL, Defendant–**
**Appellant.**

No. 98–30130.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 1999.[1]

Decided Jan. 24, 2000.

Greg Silvey, Boise, Idaho, for the defendant-appellant.

Monte J. Stiles and Kim R. Lindquist, Assistant U.S. Attorneys, U.S. Attorney's Office, Boise, Idaho, for the plaintiff-appellee.

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before: RYMER, HAWKINS, and McKEOWN, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Rodrigo Sandoval appeals his conviction on drug and conspiracy charges, alleging that the district court erred in denying his motion to suppress evidence obtained during the search of a tent. Because we agree that the district court erred in denying Sandoval's motion, we reverse his conviction and remand for a new trial.[2]

In early 1997, state and federal officials began an investigation into marijuana growing in Idaho that led to the seizure of marijuana from sixteen growing sites ("grows") and the indictment of 18 defendants, including Sandoval. During the seizure of one of the grows, which was located on Bureau of Land Management ("BLM") land, federal agents entered a makeshift tent and found a medicine bottle bearing Sandoval's name. The tent was closed on all four sides, and the bottle could not be seen from outside. Before trial, Sandoval filed a motion to suppress, alleging that agents had entered the tent without a search warrant and that the evidence was therefore inadmissible. The district court denied the motion, holding that because the tent was on BLM land, Sandoval did not have a reasonable expectation of privacy. Therefore, the court concluded, a search warrant was not required, and the evidence was admissible.

■■■ We review de novo the district court's denial of a motion to suppress. See United States v. Kemmish, 120 F.3d 937, 939 (9th Cir.1997). We review the trial court's factual findings for clear error. See id.

■ To determine whether a warrantless search violates the Fourth Amendment, we must ask two questions: "[F]irst, has the individual manifested a subjective expectation of privacy in the object of the challenged search? Second, is society willing to recognize that expectation as reasonable?" California v. Ciraolo, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986) (citing Katz v. United States, 389 U.S. 347, 360–61, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring)). Only if both the subjective and objective tests are met can we find that a Fourth Amendment interest has been violated.

■ In this case, several factors indicate that Sandoval had a subjective expectation of privacy. First, the tent was located in an area that was heavily covered by vegetation and virtually impenetrable. Second, the makeshift tent was closed on all four sides, and the bottle could not be seen from outside. Third, Sandoval left a prescription medicine bottle inside the tent; a person who lacked a subjective expectation of privacy would likely not leave such an item lying around. The government counters that Sandoval could not have had a subjective expectation of privacy because he was growing marijuana illegally and was not authorized to camp on BLM land. However, we have previously rejected the argument that a person lacks a subjective expectation of privacy simply because he is engaged in illegal activity or could have expected the police to intrude on his privacy. See United States v. Gooch, 6 F.3d 673, 677 (9th Cir.1993). "According to this view, no lawbreaker would have a subjective expectation of privacy in any place because the expectation of arrest is always imminent." Id.

Sandoval's expectation of privacy was also objectively reasonable. In LaDuke v. Nelson, 762 F.2d 1318, 1326 n. 11, 1332 n. 19 (9th Cir.1985), we held that a person can have an objectively reasonable expectation of privacy in a tent on private property. In Gooch, 6 F.3d at 677, we extended that holding to find a reasonable expectation of privacy in a tent on a public campground. Here, the tent was

**2.** Sandoval makes several other claims that we have addressed in a separate, unpublished memorandum disposition filed contemporaneously herewith.

located on BLM land, not on a public campground, and it is unclear whether Sandoval had permission to be there.[3] However, we do not believe the reasonableness of Sandoval's expectation of privacy turns on whether he had permission to camp on public land.[4] Such a distinction would mean that a camper who overstayed his permit in a public campground would lose his Fourth Amendment rights, while his neighbor, whose permit had not expired, would retain those rights.

We note that in *Zimmerman v. Bishop Estate*, 25 F.3d 784, 787–88 (9th Cir.1994), this court held that a squatter in a residential home did not have an objectively reasonable expectation of privacy because he had no legal right to occupy the home. However, we find *Zimmerman* distinguishable on two grounds. First, camping on public land, even without permission, is far different from squatting in a private residence. A private residence is easily identifiable and clearly off-limits, whereas public land is often unmarked and may appear to be open to camping. Thus, we think it much more likely that society would recognize an expectation of privacy for the camper on public land than for the squatter in a private residence.

Second, the facts of *Zimmerman* contrast starkly with the facts presented here. In *Zimmerman,* the appellants were asked on several occasions over the course of eight months to vacate the premises, and there was "no dispute of material fact regarding the ownership of the property or whether the [owners] acquiesced in the presence of the [appellants]." *Id.* at 788. By contrast, though Sandoval did not obtain permission to camp on BLM land, he was never instructed to vacate or risk eviction, and the record does not establish any applicable rules, regulations or practices concerning recreational or other use of BLM land. Indeed, whether Sandoval was legally permitted to be on the land was a matter in dispute.

Because Sandoval had a subjective expectation of privacy and because that expectation was objectively reasonable, we conclude that the district court erred in denying Sandoval's motion to suppress. His conviction is REVERSED, and the case is REMANDED for a new trial.

---

**3.** The district court assumed that Sandoval lacked authority to erect a tent on BLM land. However, it is unclear whether explicit permission was required.

**4.** The Tenth Circuit reached a different conclusion in *United States v. Ruckman,* 806 F.2d 1471, 1472–73 (10th Cir.1986). However, we find Judge McKay's dissent in that case more persuasive. *See id.* at 1475–79 (McKay, J., dissenting).