CLIFTON, Circuit Judge,
with whom Circuit Judges O’SCANNLAIN, TALLMAN, and CALLAHAN join,
dissenting:
The majority opinion is wrong in two .different ways. First, it ignores the facial nature of Plaintiffs’ challenge to the ordinance and the very high bar that must be overcome for a facial challenge to succeed. Second, it fails to establish that a search of records under the ordinance would be unreasonable, the ultimate standard imposed under the Fourth Amendment. Instead, to the extent that it deals with the issue at all, it simply accepts Plaintiffs’ assertion to that effect, supported by no evidence whatsoever.
I. The Nature of a Facial Challenge
Judge Tallman is correct that the validity of a warrantless search should generally be decided in the concrete factual context of an as-applied challenge. See Sibron v. New York, 392 U.S. 40, 59, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). I join his opinion.
Plaintiffs’ facial challenge also fails on the merits. A facial challenge is “the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.” United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); see Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008) (explaining that a facial challenge fails unless “the law is unconstitutional in all of its applications”). That the ordinance might operate unconstitutionally under some circumstances is not enough to render it invalid against a facial challenge.
II. The Reasonableness of the Search
The majority opinion starts by concluding that a police officer’s inspection of hotel guest records under the ordinance is a '“search” for purposes of the Fourth Amendment. I agree.
. Prior to the Supreme Court’s decision in United States v. Jones, — U.S. ——, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012), the issues of whether a given intrusion constituted a “search” and whether that intrusion was “unreasonable” were often merged into a single discussion, considering whether there was a reasonable expectation of privacy that deserved protection. Jones made clear that the application of the Fourth Amendment was not limited to circumstances involving a reasonable expectation of privacy. Id. at 949-51, 132 S.Ct. 945. The Fourth Amendment applies to the intrusion here, based on what the majority opinion has termed the property-based rationale. That is true whether or not hotels have a reasonable expectation of privacy.in guest registers.
The conclusion that the Fourth Amendment applies “is the beginning point, not the end of the analysis,” however, as the Supreme Court recently reiterated in Maryland v. King, — U.S. -, 133 S.Ct. 1958, 1969, 186 L.Ed.2d 1 (2013), a decision handed down after its decision in Jones. “[T]he ultimate measure of the .constitutionality of a governmental search is ‘rea *1071 sonableness.’ ” King, 133 S.Ct. at 1969 (quoting Vernonia School Dist. 47J v. Acton, 515 U.S. 646, 652, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995)); see also Soldal v. Cook Cnty., 506 U.S. 56, 71, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (stating that “reasonableness is still the ultimate standard under the Fourth Amendment”) (internal quotation marks omitted). Thus in King the Court concluded that the practice of gathering DNA samples from arrestees by buccal swabs was not unreasonable. It noted that although the Fourth Amendment may often demand that the government have individualized suspicion, a warrant, or both before an intrusion, the Court has imposed “no irreducible requirement[s]” for a reasonable search or seizure. See King, 133 S.Ct. at 1969.
The majority opinion appears to agree that it must decide whether the search authorized by the ordinance is reasonable. It even acknowledges, at 1063, that “[ojrdi-narily” a decision would require a balancing of factors to support the conclusion that the inspection here is unreasonable. But it does not undertake such a balancing in its section III.
Instead, the majority opinion contends, at 1063, that the “balance has already been struck.” It identifies the absence of pre-compliance judicial review as a fatal flaw in the ordinance because, it asserts, at 1063, that pre-compliance judicial review is an absolute requirement for any and all business record inspection systems. Because this ordinance does not provide for pre-compliance judicial review before a hotel will be called upon to make the guest information available, the majority opinion concludes that it must violate the Fourth Amendment.
The majority opinion’s reasoning misses an important step. The absence of judicial review establishes only that the ordinance might not qualify for the recognized exception for administrative subpoenas or inspections. See Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 208-09, 66 S.Ct. 494, 90 L.Ed. 614 (1946) (discussing administrative subpoenas); See v. City of Seattle, 387 U.S. 541, 544-45, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967) (discussing administrative inspections); see also United States v. Golden Valley Elec. Ass’n, 689 F.3d 1108, 1113, 1115-16 (9th Cir.2012). That is not the only exception to the warrant requirement recognized under the Fourth Amendment, let alone the only basis for upholding a warrantless search on the ground that it was not unreasonable.
There is, for instance, no provision for a pre-compliance judicial review before a “Terry stop” or a “stop and frisk” under Terry v. Ohio, 392 U.S. 1, 22-24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When a police officer proposes to stop and frisk a suspect, the suspect is not allowed to defer the frisk until after it can be challenged in court. Nor is there such a provision for a warrantless search of an automobile, United States v. Brooks, 610 F.3d 1186, 1193-94 (9th Cir.2010), or any other search under the exigent circumstances exception to the Fourth Amendment’s warrant requirement, Sims v. Stanton, 706 F.3d 954, 960-61 (9th Cir.2013).
The lack of pre-compliance judicial review does not necessarily make a search unreasonable under the Fourth Amendment. The majority concedes that fact, at 1064, but the lack of pre-compliance judicial review is all the majority opinion discusses to conclude that the a search under the ordinance is always unreasonable.
The majority opinion’s reasoning is similar to the following logic: (1) some cars are white, (2) what Mary is driving is not white, (3) therefore, Mary is not driving a car. Put that way, the logical fallacy is obvious — Mary might be driving a red car. And the inspection provided under this ordinance might be reasonable under the *1072 Fourth Amendment for reasons other than the recognized exception for administrative inspections.
The most that the majority opinion has established is that an inspection of guest registry information under the ordinance might not qualify under the established administrative subpoena exception. But that is not the ground upon which the district court concluded that Plaintiffs’ facial challenge failed. Instead, it took on the harder question and concluded that the Plaintiffs failed to demonstrate that they and hotel owners in general had a legitimate privacy interest in guest registry information such that the ordinance was facially unreasonable. By concluding that a search under the ordinance is necessarily unreasonable because it does not fit the administrative subpoena exception, the majority opinion has knocked over a straw man.
The harder question of whether a search under the ordinance would be unreasonable in all circumstances requires consideration of the nature of the intrusion, among other things. The majority opinion does not' entirely ignore that question, but it discusses it only in answering the easy question — whether an inspection of a guest registry under the ordinance constitutes a search — and not the hard one — whether that search is unreasonable in all circumstances.
The majority opinion asserts, at 1062, that Plaintiffs are not required to prove that their business records are necessarily subject to an expectation of privacy, because they are papers protected by the Fourth Amendment. But that, too, answers only the easy question, not the hard one. It does not establish that a search of those-papers under the ordinance would be unreasonable in all circumstances.
Plaintiffs may have a subjective expectation of privacy in their guest registry and may keep that information confidential, as the majority opinion asserts, though there is no proof of that in the record. Plaintiffs have brought a facial challenge, however, so the relevant question is not simply how these individual Plaintiffs treat their guest registry but how that information is treated by hotels generally. The majority opinion cites nothing to support the factual proposition that hotels generally treat such information as' private. There is none in the record.
Moreover, even if the Plaintiffs had presented evidence that hotels generally treated their guest registers as confidential, that does not mean that the expectation of privacy is constitutionally protected. Establishing a subjective expectation of privacy does not end the question under the Fourth Amendment. United States v. Sandoval, 200 F.3d 659, 660 (9th Cir.2000). Society must also recognize the expectation of privacy as reasonable. Id.; United States v. Gonzalez, 328 F.3d 543, 546-47 (9th Cir.2003). The majority opinion does not discuss that question at all.
We have already held, as the majority opinion acknowledges, at 1062, that hotel guests do not have a reasonable expectation of privacy in guest registry information once they have provided it to a hotel operator. United States v. Cormier, 220 F.3d 1103, 1108 (9th Cir.2000). In Cormier, we noted that the information at issue there, the guest’s name and room number, was not “highly personal information.” Id. A guest’s information is even less personal to the hotel than it is to the guest.
Nonetheless, the majority opinion asserts, at 1062, that guest registry information is “commercially sensitive.” Nothing is cited to support that assertion. The majority opinion expects us to accept it because it says so.
But that is obviously not always true. There are hotels that voluntarily share information about guests with law enforce *1073 ment without being served with a warrant and without the duress of this ordinance. Unlike the majority opinion, I do not require you to take my word for it. Take a look at our description of what happened in the Cormier case. A police detective went to a motel “located in a traditionally high-crime area” to “obtain the motel’s guest registration records,” and he got them. 220 F.3d at 1106. There is no mention of a warrant, and if there had been one, Cormier could not have objected to the seizure of the registration records in the first place, so it is safe to infer that there was none. The motel simply gave the registration records to the police detective.
That does not seem surprising to me, and I suspect that it is not such a rare occurrence. More to the point, though, it contradicts the majority opinion’s premise that hotels closely guard their registries to protect “commercially sensitive” information and that an inspection under the ordinance would always be unreasonably intrusive. The record contains no evidence to support either proposition.
The majority opinion answers, at 1062, by noting that the hotel in the Cormier case is just one hotel, and that its willingness to turn records over to the police does not establish that hotels generally lack an expectation of privacy. But that answer misses the mark in two different ways. One is that Plaintiffs and the majority opinion cite nothing to support their view — my one beats their none. More importantly, the majority opinion forgets that Plaintiffs have presented a facial challenge. Plaintiffs cannot prevail based on their own personal expectations of privacy. They have to demonstrate that there are no circumstances in which the ordinance would be valid, and if there are hotels that do not view guest registry information as private to themselves, the inspection permitted by the ordinance may not be unreasonable.
There can, in fact, be no support in the record for the majority opinion’s assertion because Plaintiffs presented no evidence about the treatment of guest registry information. We cannot simply assume that hotels in general expect information contained in their guest’ registers to be private. See Salerno, 481 U.S. at 745, 107 S.Ct. 2095 (explaining that a facial challenge fails unless “no set of circumstances exist under which the Act would be valid”); see also United States v. Mendoza, 438 F.3d 792, 795 (7th Cir.2006) (explaining that “without an affidavit or testimony from the defendant,, it is almost impossible to find a privacy interest” to support standing) (internal quotation marks omitted). The majority opinion’s construction is missing a foundation.
Under the ordinance, a guest registry may be a publicly accessible book in a publicly accessible hotel lobby. Society likely does not recognize a legitimate expectation of privacy in information kept in a manner so easily accessible to anyone entering a hotel. See Vernonia School Dist. 47J v. Acton, 515 U.S. 646, 657, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) (explaining that “Illegitimate privacy expectations” are diminished in “[pjublic school locker rooms” because they “are not notable' for the privacy they afford”). In some circumstances, a search under the ordinance — which could entail nothing more than a brief look at a publicly accessible record in a publicly accessible lobby for information in which hotel guests have no privacy interest — may be a minimal intrusion. See King, 133 S.Ct. at 1969 (explaining that “[t]he .fact that an intrusion is negligible is of central relevance to determining reasonableness, although it is still a search as the law defines that term”). The ordinance narrowly cabins officer discretion by permitting only inspections of the *1074 specified guest registry information. Compare Al Haramain Islamic Found., Inc. v. U.S. Dept. of Treasury, 686 F.3d 965, 992 (9th Cir.2012) (discussing authority that a warrant may. not be- required when “intrusions ‘are defined narrowly and specifically in the regplations that authorize them’ ”), with See v. City of Seattle, 387 U.S. 541, 543-44, 87 S.Ct. 1741, 18 L.Ed.2d 930 (1967) (discussing the Fourth Amendment’s application to administrative investigations, including “perusal of financial books and records”).
Without an evidentiary showing, we cannot conclude that any search pursuant to the ordinance would unreasonably intrude on privacy interests that society recognizes as legitimate. See King, 133 S.Ct. at 1978 (explaining that “[t]he reasonableness of any search must be considered in the context of the person’s legitimate expectations of privacy”). On review of a proper evi-dentiary foundation, perhaps we would conclude that the balance weighs in favor of the conclusion that hotels have an expectation of privacy in guest registry information that society recognizes as reasonable. The majority opinion does not do that review, though, and the existing record does not permit it to do so. It is not nearly enough to assert, as the majority opinion does, at 1063, that a “search is a search.” That is, as the Court noted in Maryland v. King, just “the beginning point, not the end of the analysis.” 133 S.Ct. at 1969. Unfortunately, the majority opinion fails to travel the rest of the road.
For Plaintiffs to prevail, they must demonstrate that the search provided under the ordinance is unreasonable in all circumstances. They have not, and the majority opinion has not, either.
I respectfully dissent.