Filed 7/15/25  P. v. Shafer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085999 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI24000322) |
| DANIELLE ILEEN SHAFER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Enrique Guerrero, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn Kirschbaum, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Danielle Ileen Shafer pled no contest to possession of a loaded firearm in violation of Penal Code[1] section 25850.  The court sentenced her to 345 days in jail with credit for time served and a grant of probation.  The sole issue on appeal is whether the trial court erred in denying Shafer's motion to suppress the evidence found in her tent.  (§ 1538.5).

We conclude the trial court did not err because Shafer was trespassing on private land and did not have an objective expectation of privacy in her tent.  Accordingly, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2024, San Bernardino County Sheriff Deputy Jonathan Gray was patrolling an open desert area with no fence.   The location had a large ravine with shrubs, trees, dirt, and a small riverbed.  Near the ravine was a large warehouse style factory building.

The deputy discovered a tent approximately 500 to 700 yards west of the building.  The tent was about 30 feet in length and 20 feet at its widest.  Surrounding the tent was a significant quantity of household goods, tools, generators, home decor, yard decor, several other things one would find at a standard house, and debris.  There was a no trespassing sign on the ground, relatively near the large tent.  He did not see any other "no trespassing" signs.

There was a makeshift gun range approximately 15 to 30 feet east of the tent, directly adjacent to one of the tent doors.  The targets had bullet holes.  There was a bucket of shell casings and spent or fired cartridge casings near the homemade rings of the range.

---

[1]     All further statutory references are to the Penal Code unless otherwise designated.

2

Shafer claimed to be one of the two occupants of the tent. Shafer admitted she had been living in the tent for approximately a year. She advised Deputy Daniel Morales, Gray's partner, that Code Enforcement told her she was permitted to camp there. She further indicated she knew she was camping on private property, and she had permission from the owners. However, she was unable to name the owners.

Shafer's partner, Cody Leff, was inside the tent. Deputy Gray asked Leff to come out. Leff initially declined, then said he was looking for a shirt. The deputy could not see Leff, but he heard rummaging, and he suspected Leff was searching for a weapon. Deputy Gray opened the door of the tent and saw what he believed to be drugs. Deputy Gray detained both Leff and Shafer.

The deputy contacted the property owner, who informed him that no one was allowed on the property. She asked the deputy to "get rid of them."

Deputy Gray and his team went through the tent as part of a protective sweep. During the sweep, he saw a gun barrel in plain view sticking directly out from under clothing. He also saw a shell casing next to a rifle.

The deputies obtained a search warrant to conduct a search of the tent. In their warranted search, they uncovered various firearms and other contraband.

Shafer filed a motion to suppress evidence and to traverse and quash the search warrant. In the motion, she asserted that law enforcement misled the magistrate with false information and material omissions in the affidavit

in support.  The trial court denied the motion.  Shafer renewed her motion before a different judge, who reheard the motion and again denied it.[2]

Shafer pled guilty to a firearm possession charge.

## II.

## DISCUSSION

### *A. Standard of Review*

When reviewing a motion to suppress, we determine whether the trial court's factual findings, whether express or implied, are supported by substantial evidence.  (*People v. Camacho* (2000) 23 Cal.4th 824, 830 (*Camacho*).)  "[S]ubstantial evidence" is evidence " 'of ponderable legal significance,' 'reasonable in nature, credible, and of solid value,' and ' "substantial" proof of the essentials which the law requires in a particular case.' "  (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1006.)  If there is substantial evidence, "no matter how slight it may appear in comparison with the contradictory evidence," the judgment shall be affirmed.  (*People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 329.)  We defer to the trial court and make all reasonable inferences that favor the affirmance.  (*In re White* (2018) 21 Cal.App.5th 18, 29.)

For questions of law, such as whether the search was reasonable, we exercise our independent judgment.  (*Camacho, supra,* 23 Cal.4th at p. 830.)

---

[2]     When a suppression motion pursuant to section 1538.5 is heard with the preliminary hearing and denied, the standard procedure is to renew the motion in the superior court, as was the case here.  (See *People v. Lilienthal* (1978) 22 Cal.3d 891, 896.)

B. *The trial court properly denied the suppression motion*

Shafer contends the trial court erred by denying her motion to suppress because she had the requisite expectation of privacy to assert a Fourth Amendment violation.[3]

The test for the expectation of privacy has subjective and objective components. " '[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he [or she] personally has an expectation of privacy in the place searched, and that [t]his expectation is reasonable; i.e., one that has "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." ' [Citation.] 'In other words, the defendant must show that he or she had a subjective expectation of privacy that was objectively reasonable.' [Citation.]" (*People v. Ayala* (2000) 23 Cal.4th 225, 254–255.) An objectively reasonable expectation of privacy is "one [that] society is willing to recognize as reasonable[.] [Citations.]" (*Camacho, supra*, 23 Cal.4th at pp. 830–831.)

"Whether a person has a reasonable expectation of privacy turns on the facts of each case." (*U.S. v. Briones-Garza* (5th Cir. 1982) 680 F.2d 417, 420 (*Briones-Garza*).) We consider the totality of the circumstances. (*In re Rudy F.* (2004) 117 Cal.App.4th 1124, 1132 (*Rudy F.*).) Factors which bear on this issue include whether the defendant was on the premises legitimately; whether he or she has shown a subjective expectation to be free from government intrusion; whether he or she has taken standard safeguards to

---

3    On appeal, Shafer argues that any issues with traversing and quashing the search warrant are mooted by the answer to the threshold question of whether she had any Fourth Amendment rights. Given our conclusion that Shafer lacked a Fourth Amendment right to privacy in her tent, we agree the issues regarding the search warrant are moot. Thus, we do not address the legality of the search or the warrant.

maintain privacy; whether he or she has any possessory interest; and whether he or she has the right to keep out others. (*Briones-Garza,* at p. 420*; Rudy F.,* at p. 1132.) Although not dispositive, good faith and lawful occupancy (or lack thereof) are highly pertinent to whether one can reasonably expect privacy. (*People v. Nishi* (2012) 207 Cal.App.4th 954, 962–963 (*Nishi*).)

The parties agree Shafer demonstrated a subjective expectation of privacy. This case turns on whether this expectation was reasonable. Thus, we focus our analysis on whether she had an objective expectation of privacy.

Shafer contends she had an objectively reasonable expectation of privacy because she was camping in open land accessible to anyone, with no barriers preventing her access. She also maintains that because she had been camping there for a year, there was implied acquiescence by the property owner. To support this view, she offers *United States v. Sandoval* (9th Cir. 2000) 200 F.3d 659 (*Sandoval*). *Sandoval* focused on whether a person camping on public land who "was never instructed to vacate or risk eviction" had an objective expectation of privacy in a tent and concluded the defendant had an objective expectation of privacy because he was camping on public land. (*Id.* at p. 660.) The court reasoned that the objective expectation of privacy did not turn on whether a person has permission to camp on public land. Otherwise, a camper would lose Fourth Amendment rights once a camping permit expired, while a neighbor with a valid permit would retain those rights. (*Id.* at pp. 660–661.)

Shafer also relies on *United States v. Gooch* (9th Cir. 1993) 6 F.3d 673, 675 (*Gooch*) and *People v. Hughston* (2008) 168 Cal.App.4th 1062, 1065 (*Hughston*), where the defendants were camping within designated campgrounds. Those courts concluded campgrounds are places where

6

campers are invited to camp; therefore, campers can reasonably assert a valid, even if fleeting, interest of privacy. (*Gooch,* at p. 678; *Hughston,* at p. 1070.)

In contrast to these situations, Shafer established a homeless encampment on privately owned land. Shafer contends she set up a tent in a remote area, so she did not attempt to occupy someone's home or yard, and it was not where a reasonable person would know rights of another person were being intruded upon. But this ignores that it was private property and that the owners did not give Shafer permission to set up a tent there. The area was only remote enough to avoid conventional neighbors. It was nothing like the public campgrounds in *Gooch* and *Hughston.* A reasonable person would see she was squatting because she was not in an area open to legitimate camping.

Shafer's situation is more like the cases that hold that when a person is trespassing, there is no objectively reasonable expectation of privacy. For example, in *Nishi*, the defendant was camping in a publicly owned, open space preserve but had no permit to be there and had been previously cited and removed for illegal camping. (*Nishi, supra*, 207 Cal.App.4th at p. 961.) There was no dispute he was there illegally or that he knew it. (*Id.* at pp. 961–962.) The court concluded the defendant had no basis to consider his campsite or the items within it private. (*Ibid.*)

Similarly, in *People v. Thomas* (1995) 38 Cal.App.4th 1331 (*Thomas*), the defendant was living in a makeshift structure blocking the sidewalk, in violation of a municipal code. (*Id.* at p. 1333.) The defendant rebuilt his cardboard structure after the authorities hauled away a similar shelter. (*Id.* at pp. 1333–1334.) The court held when an individual resides in a

7

temporary shelter on public property unlawfully the individual does not have an objectively reasonable expectation of privacy. (*Id*. at p. 1334.)

These cases indicate that there is no objectively reasonable expectation of privacy—even on public land—if the person should know he or she is not there legally. (*Nishi, supra*, 207 Cal.App.4th at pp. 961–962; *Thomas, supra*, 38 Cal.App.4th at p. 1334.)

Although there is no evidence that Shafer had been evicted from the property, unlike the defendants in *Nishi* and *Thomas,* substantial evidence supports the finding that she was aware her presence was unauthorized. Here, the no trespassing sign on the ground, which was yards from the tent, suggests Shafer and Leff may have removed the sign themselves. Even if the sign were already on the ground when they set up camp, the household-related clutter around the sign was presumably generated and placed by Shafer and Leff, meaning there was no possibility they did not see the sign. Thus, this highly pertinent factor of whether the defendant had good faith and lawful occupancy (*Nishi, supra*, 207 Cal.App.4th at pp. 962-963) weighs in favor of finding Shafer did not have an objectively reasonable expectation of privacy.

We recognize the expectation of privacy does not turn simply on whether Shafer had a right to be present or whether she thought she had permission to camp on the private land. We look to the totality of the circumstances when determining whether she had a reasonable expectation of privacy. (See *Rudy F., supra*, 117 Cal.App.4th at p. 1132.) A couple factors weigh in favor of finding Shafer had an expectation of privacy, including that Shafer showed a subjective expectation to be free from government intrusion and took some standard safeguards to preserve privacy by maintaining a fully enclosed tent where the inside was not visible from the outside because

8

she covered the tent's portholes and had been camping on the property for a year. (See *ibid*.)

However, Shafer was not on the premises legitimately. The no trespassing sign, her year-long residency in a space not designated for camping, and the property owner's confirmation that she lacked permission all demonstrate this. (See *Rudy F., supra*, 117 Cal.App.4th at p. 1132.) As an unwelcome trespasser, she had no possessory interest in the property. (*Ibid*.) Also, she had no right to keep out others when she was a trespasser herself. (*Ibid*.)

Shafer knowingly and conspicuously trespassed; she was complicit in loud, inherently dangerous, and possibly criminal activity when guns presumably were fired outside of her tent into the targets. Such a situation was bound to attract law enforcement attention and inevitably subject her to eviction at any time. Thus, the totality of the circumstances show she had no objectively reasonable expectation of privacy.

Given Shafer's lack of an objectively reasonable expectation of privacy, and therefore the lack of Fourth Amendment rights to assert, the trial court did not err by denying her motion to suppress various firearms and contraband.

## III.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.