Filed 10/15/25  P. v. Maki CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHERIDAN MAKI,<br><br>    Defendant and Appellant. | 2d Crim. No. B339358<br>(Super. Ct. No. BA517535)<br>(Los Angeles County) |

Here we hold that a person invoking the Fourth Amendment who does not have permission to maintain a structure that illegally obstructs a public pedestrian sidewalk does not have an objectively reasonable expectation of privacy. Thus, law enforcement is not required to obtain a warrant to search the structure.

Sheridan Maki appeals from the judgment after a jury convicted him of sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)).  The trial court placed Maki on formal probation for two years with terms including 364 days in county jail.

Maki contends the trial court erred when it denied his motion to suppress evidence resulting from the warrantless search of his tent erected on a public pedestrian sidewalk. (Pen. Code, § 1538.5.) We affirm.

FACTUAL AND PROCEDURAL HISTORY

Maki was living in a structure (tent) on a public pedestrian sidewalk in Hollywood off Sunset Boulevard. There was "a decent amount" of foot traffic in the area. A detective described the tent as "a structured encampment, like a combination of different items and tarps," supported by wood, cinder blocks, and wires. It was 10 to 15 feet long and five to six feet wide. Police could not see inside the tent from the street. The entrance could be closed by tying from the inside.

The tent was in front of four or five fire exit doors of a large building complex that included a movie theater and a gym. Because the tent was erected on the sidewalk, it blocked all but two to three feet of the sidewalk for pedestrian traffic.

Police had surveilled the tent for about a month and concluded Maki was the sole occupant. They gave an informant "buy money" of $40. The informant went up to the tent and talked to Maki who was inside. Maki reached his hand out and the informant gave him the money. Maki then reached his arm out and gave the informant what appeared to be methamphetamine.

Uniformed officers ordered Maki to come out. When Maki exited the tent he was arrested and handcuffed. Officers "immediately" searched the tent after the arrest. They needed to cut through supporting wires to enter the tent. Inside they found the "buy money," other currency, scales, and methamphetamine. Police took only items relevant to the case and left the rest

2

behind. The investigation team did not personally dismantle the tent.

Maki moved to suppress the evidence from the warrantless search. (Pen. Code, § 1538.5.) The lead detective testified that structures on the sidewalk blocking doors and wheelchair access violated Los Angeles Municipal Code (LAMC) section 41.18.[1] Section 41.18(a) provides: "No person shall obstruct a street, sidewalk, or other public right-of-way" by enumerated conduct, including "(3) by sitting, lying, or sleeping, or by storing, using, maintaining, or placing personal property, within five feet of any operational or utilizable building entrance or exit."

The detective said, "L.A. has gone back and forth, so they came up with all these sections to come up with a temporary moratorium. . . . They go and ask them to remove the encampment, but a lot of times they don't. So we got to warn them, you're suppose[d] to give 24 hours or 48 hours notice to remove it or else they'll come through and clean it. Then they got backlashed for that, so it's been an ongoing issue with the city of L.A."

The detective also testified he did not obtain a search warrant because the tent could be moved and was "mobile," similar to the "vehicle rule." The officers' "main priority" was to "exigently" recover the "buy money" to prove the drug sale and to avoid it being destroyed or given to another customer.

The court denied the motion to suppress evidence. It ruled

---

[1] We take judicial notice of LAMC section 41.18 on our own motion. (Evid. Code, §§ 452, subd. (b), 459, subds. (b) & (d); *Longshore v. County of Ventura* (1979) 25 Cal.3d 14, 24; *McMaster v. City of Santa Rosa* (1972) 27 Cal.App.3d 598, 602, fn. 3.)

that Maki did not have a reasonable expectation of privacy, the search was justified as incident to arrest, and there was exigency regarding drugs and evidence.

DISCUSSION

Maki contends the warrantless search of his tent violated the Fourth Amendment because he had a reasonable expectation of privacy in its contents. We are not persuaded.

"The Fourth Amendment protects an individual's reasonable expectation of privacy against unreasonable intrusion on the part of the government." (*People v. Jenkins* (2000) 22 Cal.4th 900, 971.) "A defendant has the burden at trial of establishing a legitimate expectation of privacy in the place searched or the thing seized." (*Id*. at p. 972.) " 'A person seeking to invoke the protection of the Fourth Amendment must demonstrate both that he harbored a subjective expectation of privacy and that the expectation was objectively reasonable.' " (*People v. Nishi* (2012) 207 Cal.App.4th 954, 960 (*Nishi*).) If that showing is made, " '[t]he burden is [then] on the prosecution to establish by a preponderance of the evidence the facts justifying a warrantless search.' " (*People v. Johnson* (2006) 38 Cal.4th 717, 729.)

A legitimate expectation of privacy must be subjective in that the person invoking the Fourth Amendment " 'must demonstrate that [they] personally [have] an expectation of privacy in the place searched.' " (*People v. Ayala* (2000) 23 Cal.4th 225, 255.) The expectation of privacy must also be objectively reasonable because it has " ' "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." ' " (*Ibid*.)

" ' "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms." ' " (*Nishi*, *supra*, 207 Cal.App.4th at p. 960; *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 37.) " 'There is no set formula for determining whether a person has a reasonable expectation of privacy in the place searched, but the totality of the circumstances are considered.' " (*Nishi*, at pp. 960–961.) " 'The protection afforded to the [privacy interest] must be relative to the customs of the time and place, . . . and to the habits of . . . neighbors and fellow citizens.' " (*Hill*, at p. 37.)

In reviewing a motion to suppress, we defer to the trial court's express and implied factual findings that are supported by substantial evidence. (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 592.) We exercise our independent judgment in determining the reasonableness of the search. (*Ibid*.)

It appears that Maki had a *subjective* expectation of privacy. The tent was enclosed on all sides, the interior was generally not visible from the outside, and it could be tied or buttoned shut. (See *United States v. Sandoval* (9th Cir. 2000) 200 F.3d 659, 660 (*Sandoval*) [subjective expectation of privacy for tent "closed on all four sides" in area "heavily covered by vegetation and virtually impenetrable" and contents "could not be seen from outside"].)

But Maki has not shown his expectation of privacy was *objectively reasonable*. His tent was illegally erected on a public sidewalk that was not intended for camping and was within five feet of exit doors in violation of LAMC section 41.18(a)(3). Maki presented no evidence that he had permission to erect a tent at this location. Nor does the evidence establish that Maki could reasonably believe doing so was lawful.

5

In *People v. Thomas* (1995) 38 Cal.App.4th 1331 (*Thomas*), the court held that an unhoused person did not have an expectation of privacy in a "cardboard box" (actually, a residence constructed of wooden pallets and heavy cardboard) on a public sidewalk. The structure blocked the sidewalk in violation of an earlier version of LAMC section 41.18. (*Thomas*, at p. 1333 & fn. 1.) The city had previously removed his "box" from the area. (*Id.* at pp. 1333–1334.) The court stated, "In short, a person who occupies a temporary shelter on public property without permission and in violation of an ordinance prohibiting sidewalk blockages is a trespasser subject to immediate ejectment and, therefore, a person without a reasonable expectation that his shelter will remain undisturbed." (*Id.* at p. 1335.)

Similarly, in *Nishi*, *supra*, 207 Cal.App.4th at page 960, the defendant camped in an open space preserve where camping was prohibited without a permit. The court stated, "The most significant, and ultimately controlling, factor . . . is that defendant was not lawfully or legitimately on the premises where the search was conducted." (*Id.* at p. 961.) The court held the defendant did not have a reasonable expectation of privacy in his campsite after being cited for unlawful camping and evicted from other campsites in the preserve. (*Id.* at pp. 960–961.)

Like *Thomas*, *supra*, 38 Cal.App.4th at pages 1334–1335, and *Nishi*, *supra*, 207 Cal.App.4th at page 961, Maki did not have a reasonable expectation of privacy. There was no evidence that he had permission to erect a tent on the sidewalk. Nor was there evidence that could support a claim that Maki could reasonably believe maintaining a tent there was lawful. We acknowledge that in both *Thomas* and *Nishi*, there was affirmative evidence of the defendants' knowledge of the illegality because they had been

previously ejected from the area. But Maki had the burden to show his expectation of privacy was reasonable, and he presented no evidence that he had never been cited, ejected, or told to leave.

This case is unlike *People v. Hughston* (2008) 168 Cal.App.4th 1062 (*Hughston*), upon which Maki relies. There, a "tent structure was erected on land specifically set aside for camping during the music festival." (*Id*. at p. 1070.) *Hughston* is factually inapposite because Maki's tent was unlawfully erected on a public pedestrian sidewalk that was not intended for camping.

*Hughston, supra,* 168 Cal.App.4th at pages 1069–1070 relied in part on *Sandoval, supra*, 200 F.3d 659, which held that the defendant had a reasonable expectation of privacy in a "makeshift tent" located on Bureau of Land Management (BLM) land. The court emphasized that "whether Sandoval was legally permitted to be on the land was a matter in dispute," and "the record [did] not establish any applicable rules, regulations or practices concerning recreational or other use of BLM land." (*Id*. at p. 661.) Although it was "unclear" whether the defendant had or needed permission to camp there, the Ninth Circuit concluded "the reasonableness of Sandoval's expectation of privacy [did not turn] on whether he had permission to camp on public land" because "public land is often unmarked and may appear to be open to camping." (*Id*. at p. 661 & fn. 3; see also *United States v. Gooch* (9th Cir. 1993) 6 F.3d 673, 677 [defendant had objectively reasonable expectation of privacy in tent on public campground where he was "legally permitted to camp"].)

Unlike *Hughston*, *Sandoval*, and *Gooch*, the sidewalk where Maki erected his tent was intended for pedestrian traffic. It was not intended for erecting a tent that would block a busy

public pedestrian sidewalk, and an ordinance prohibited structures that blocked exit doors to commercial buildings.  Maki did not present evidence of lawful possession or permission to occupy the sidewalk where he erected his tent.  "A 'person can have no reasonable expectation of privacy in premises on which they are wrongfully present . . . .' " (*Nishi, supra*, 207 Cal.App.4th at p. 961.)  Thus, Maki "was not in a position to legitimately consider" his tent "as a place society recognized as private to him."  (*Ibid*.)

Because we conclude Fourth Amendment protections do not apply to Maki's tent, we need not decide whether the warrantless search would be justified as a search incident to arrest.  (*Chimel v. California* (1969) 395 U.S. 752, 763–764.)

Our holding is a limited one.  There was no evidence that Maki had permission to erect a tent on a public pedestrian sidewalk that was not intended for camping, nor evidence that Maki could reasonably believe doing so was lawful.  Thus, we conclude law enforcement officers were not required to obtain a warrant to search inside Maki's tent.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.                    CODY, J.


8

Renée F. Korn, Judge

Superior Court County of Los Angeles

_____

Bina Ahmad, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.